STATE OF CONNECTICUT *v.* MARVIN S. HART

FILE No. MV 13-2551

STATE OF CONNECTICUT *v.* JEROME H. LEVINSON

FILE No. MV 13-2552

APPELLATE DIVISION OF THE CIRCUIT COURT

■■■■■■■■■

■■■■■■■

Argued January 11—decided March 26, 1963

■■■■■■■■■■■

*Charles B. Alaimo,* of Thompsonville, for the appellant (defendant Hart).

*Theodore A. Lubinsky,* of West Hartford, with whom, on the brief, was *I. Albert Lehrer,* of West Hartford, for the appellant (defendant Levinson).

*Joseph Asbell,* prosecuting attorney, for the appellee (state).

PRUYN, J. These two cases were tried together to the court and have been consolidated on appeal. From his conviction of the crime of racing in violation of § 14-224 (b) of the General Statutes each defendant has appealed, assigning as error the court's conclusion that on all the evidence he was guilty beyond a reasonable doubt. Under this general assignment we have examined the entire evidence.

Section 14-224 (b) of the General Statutes provides as follows: "No person shall operate a motor vehicle upon any public highway for a wager or for any race or for the purpose of making a speed record." Neither the matter of a wager nor the matter of a speed record is involved in this case; the sole question is whether the defendants were operating their motor vehicles "for any race." A race is a contest of speed, a competitive trial of

speed; it involves the idea of competitive locomotion; competition is an essential element. *State* v. *Dionne,* 24 Conn. Sup. 59, 62, and cases cited therein. "Racing on the highway consists of something more than one man operating his automobile abreast of another automobile while both are proceeding in the same direction on a four-lane highway." *Commonwealth* v. *Leonard,* 21 Beaver 110, 113 (Pa.).

Most of the facts are not in dispute and are as follows: On April 5, 1962, at about 6:30 p.m., the defendant Hart, driving a 1955 six-cylinder Ford with a single barrel carburetor, and the defendant Levinson, driving a 1959 Ford V-8, stopped on Austin Street in the town of Suffield directly in front of the house of Andrew McComb, one of the complaining witnesses, at the corner of Austin and South Streets. They were stopped side by side facing east for about ten minutes. Then they proceeded easterly down Austin Street side by side until they reached a bridge, too narrow for two cars to travel abreast, situated about half a mile away, at which point one car drew ahead and the other fell behind. After they passed over the bridge, they returned to their previous side-by-side positions. This procedure occurred three times and then they drove off. At no time during these three occurrences did one car pull ahead of the other except to pass over the bridge. Both defendants testified that they were not racing; that they were calibrating the tachometer on the car of the defendant Hart, his speedometer being broken, with the speedometer on the car of the defendant Levinson; that to do this they had to drive side by side so that they could communicate with each other as to the readings of the tachometer and the speedometer at various speeds from fifteen to forty miles an hour. The complainant Andrew McComb testified that during

the first ten-minute stop he overheard a conversation between the defendants about revolutions per minute, and the other complainant testified that during that time he overheard the defendants talking about speedometers. Andrew McComb also testified that he could not tell whether either of the defendants was contesting for first position. The McCombs testified that the defendants sped off and were going fast.

It is well settled that to warrant a conviction the state must prove the guilt of the accused beyond a reasonable doubt, that is, by such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion; it does not mean proof beyond a possible doubt. The trier should draw all fair and reasonable inferences from the facts and circumstances which it finds established from the evidence, but may not adopt a possible supposition of guilt or of innocence; proof of guilt must exclude not every possible but every reasonable supposition of innocence. *State* v. *McDonough,* 129 Conn. 483, 485. Any conclusion, to be drawn from the evidence, which is consistent with the innocence of the accused must prevail. *State* v. *Guilfoyle,* 109 Conn. 124, 139.

There is nothing in the evidence which indicates that there was any contest of speed. The continuous side-by-side position of the defendants' cars negatives any inference to that effect. The evidence is consistent with the innocence of the defendants, and a reasonable conclusion therefrom is that the defendants were not engaged in racing but in correlating a tachometer with a speedometer. The state has failed to prove beyond a reasonable doubt the guilt of the defendants.

There is error, the judgments are set aside and the cases are remanded with direction to render judgment in each case that the defendant is not guilty and ordering that he be discharged.

In this opinion KOSICKI and JACOBS, Js., concurred.