STATE OF CONNECTICUT *v.* MARTIN F. HUGHES

FILE NO. MV 5-6583

STATE OF CONNECTICUT *v.* RONALD A. ODETT

FILE NO. MV 5-6584

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued May 13—decided June 20, 1963

*Richard H. Lynch,* of Milford, for the appellant (defendant Hughes).

*John J. Mangan,* of New Britain, for the appellant (defendant Odett).

*George J. Jaser,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J.   These two cases were tried together to the court, and the defendant in each case was found guilty of racing in violation of § 14-224 (b) of the General Statutes and has appealed, the parties stipulating that the two appeals be heard at the same time.

In the Odett case, the defendant was represented at the trial by John J. Mangan, attorney.   Thereafter, Richard H. Lynch, attorney, filed an appearance for Odett and took the appeal on his behalf. Subsequently, a stipulation that the two appeals be heard at the same time was filed; it was signed by George J. Jaser on behalf of the state, by Richard H. Lynch on behalf of the defendant Hughes and by John J. Mangan on behalf of the defendant Odett. A motion to correct the finding and an assignment of errors were filed by Lynch for the defendant Odett, but no brief was filed by anyone on his be-

half. Nor did this defendant or Mangan appear at the hearing of this appeal. At the hearing, Lynch made it clear that he represented only the defendant Hughes. Under these circumstances, this court suo motu dismisses the appeal of the defendant Odett for failure to prosecute.

In the Hughes case, the sole issue is whether the court erred in concluding upon all the evidence that the defendant was guilty of the crime of racing beyond a reasonable doubt. Under this general assignment of error we consider the entire evidence, having regard to the finding only as indicative of the court's determination of the facts, for it is the sole function of the trial court to believe, disbelieve or give whatever credit it deems justified to the evidence presented at the trial. The defendant's other assignments of error, relating to the court's finding, were abandoned at the hearing of the appeal.

From the finding and statements made by the court at the trial, it appears that the court gave complete credence to the testimony of Lieutenant Kelly, the police officer who made the arrest. On July 29, 1962, at about 3:20 a.m., Lieutenant Kelly of the Milford police department was traveling westerly on the Post Road, a four-lane public highway, in Milford when he observed two cars, one operated by the defendant Hughes and the other by the defendant Odett, leaving the Liberty Rock traffic light side by side and gunning their motors, his attention having been called to them by a whistling sound from their high speed in low gear. He thereupon turned around and followed them for six-tenths of a mile at speeds of about 95 or 100 miles an hour, clocking them during part of the six-tenths of a mile at 75 miles an hour or more, and being about 300 feet behind them during the period of the clock. During this six-tenths of a mile, the defend-

ants were side by side. The weather was clear and the road dry and there was no other traffic. Lieutenant Kelly then overtook the defendants in the third lane and brought them to a stop. Neither Hughes nor Odett knew each other, nor was there any exchange of signals or hails or horn blowing between them, nor did they communicate with each other in any way.

Section 14-224 (b) provides as follows: "No person shall operate a motor vehicle upon any public highway . . . for any race . . . ." This court has considered this statute on two occasions and in each instance has held that a race is a contest of speed—involving the idea of competitive locomotion—in which competition is an essential element. *State* v. *Dionne*, 24 Conn. Sup. 59; *State* v. *Hart*, 2 Conn. Cir. Ct. 26. Ordinarily, the mere traveling of two cars abreast of each other in the same direction in and of itself does not constitute racing. *State* v. *Hart*, supra. There must be further facts and circumstances indicative of a competitive trial of speed or from which reasonable inferences thereof could be drawn, such as, in the instant case, the simultaneous starting, gunning of the motors, great speed in low gear and a high speed for six-tenths of a mile on a clear road with no traffic at 3:20 in the morning.

The defendant Hughes argues that because there was no exchange of signals or communication of any kind between Hughes and Odett there could be no race. We have held that there is no necessity for any prior agreement or understanding before there can be any race and that there can be a race by total strangers on the spur of the moment. *State* v. *Dionne*, supra, and cases cited. Nor is there any need for any communication between the total strangers. The idea of a race can well be entirely subjective in the mind of each party. There may in

fact be a contest by reason of the competitive acts of the parties as determined by reasonable and logical inferences from the observed circumstances. The circumstances surrounding the actions of the defendants in the cases at bar lead to the conclusion beyond a reasonable doubt that though there was no communication between them each was engaged in a competitive trial of speed.

We note with disapproval that the state did not file a brief.

There is no error.

In this opinion Kosicki and Levine, Js., concurred.