The People of the State of Illinois, Plaintiff-Appellee, v. Richard W. Stangeland, Defendant-Appellant.
The People of the State of Illinois, Plaintiff-Appellee, v. Edward Shippert III, Defendant-Appellant.

Gen. Nos. 66-7, 66-8. (Consolidated.)

Second District.

October 28, 1966.

Gunner and Keller, and Thomas M. Magdich, of Dixon, for appellants.

Henry S. Dixon, State's Attorney, of Dixon, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from judgments entered on verdicts of the jury which found the defendants, Richard W. Stangeland and Edward Shippert III, guilty of drag racing in violation of the provisions of the Uniform Act Regulating Traffic on Highways. (Ill Rev Stats 1963, c 95½, § 145.1.) The cases were consolidated before trial,

and the defendants have appealed the judgments entered on the verdicts.

The charges arose out of activities that took place sometime between 2:30 and 3:00 a. m., on April 30, 1965. When the defendants were first seen by the police officers, they were operating two autos, which were parked side by side with their motors running. The visibility was good and there was no other traffic in the area. The autos were facing west about 100 feet west of the nearest intersection. The car of the defendant, Stangeland, was in the right-hand lane of an east-west street and that of the defendant, Shippert, was located in a parking lot which ran parallel with the street for its entire length—a distance of two blocks, or approximately 600 feet.

The defendants' autos then moved forward simultaneously, creating smoke and blowing up dust as they accelerated speed. The cars continued side by side for a distance of 200 to 400 feet, and then Stangeland's car pulled ahead of Shippert's car which then moved on to the street behind Stangeland. The police officers immediately pursued, and one of them testified that Stangeland's car moved forward and "accelerated to a high speed."

Sec 145.1, Ch 95½, Ill Rev Stats 1963, defines drag racing as follows:

"For the purpose of this section, 'drag racing' means the act of 2 or more individuals competing or racing on any street or highway in this state in a situation in which one of the motor vehicles is beside or to the rear of a motor vehicle operated by a competing driver and the one driver attempts to prevent the competing driver from passing or overtaking him."

The question before this court is whether the evidence is sufficient to support the convictions, which must stand or fall together.

■ ■ The same requirements as to burden of proof apply in cases involving violations of the Uniform Act Regulating Traffic on Highways of the State of Illinois as in other criminal cases. People v. Perlman, 15 Ill App 2d 239, 244, 145 NE2d 762 (1957). In criminal cases, it is the duty of this court to review the record when the issue of the sufficiency of the evidence is raised and determine whether the jury was justified in returning its verdicts of guilty—whether there was sufficient evidence to remove all reasonable doubt of defendants' guilt. The People v. Holt, 398 Ill 606, 612, 76 NE2d 474 (1948).

■ In The People v. Schoop, 288 Ill 44, 122 NE 836 (1919) at pages 47 and 48, the Supreme Court offered a word of caution concerning the restraint to be exercised by a reviewing court in overturning jury verdicts in criminal cases on the ground of not being supported by the evidence, as follows:

> "It is only when this court is able to say, from a careful consideration of the whole testimony, that there is clearly a reasonable and well founded doubt of the guilt of the accused, that it will interfere on the ground that the evidence does not support the verdict."

■ We do not believe that there is clearly a reasonable and well-founded doubt of the guilt of the defendants in the case at bar. In most instances, violations of this statute must necessarily be determined by reasonable and logical inferences from the observed conduct of the defendants. The circumstances in this case are adequate to support the jury's determination that the defendants were, beyond a reasonable doubt, involved in a competition proscribed by the statute. The hour of the offense, its visibility by the police officers, the unusual and simultaneous starting point of the cars and their juxtaposition,

the dust, smoke and commotion caused by their acceleration, the fact that one car pulled ahead of the other, the testimony as to the rate of acceleration of one of the cars and the paths which they followed, all support the jury's conclusion that the defendants were racing and attempting to prevent one from overtaking the other.

State v. Hart, 2 Conn Cir 27, 193 A2d 903 (1963) cited by defendants, is clearly distinguishable from the case at bar. In that case the defendant offered a plausible explanation for his actions which negated the statutory violation and which, in fact, was substantiated by the testimony of the complainant and one other witness. Such is not the case here, where the defense rested without the presentation of any witnesses.

■ The defendants further urge that there was a lack of evidence relative to the speed at which they were driving at the time and place in question. The record reveals that a police officer testified for the State that the '56 Chevrolet "accelerated to a high speed." No objection was offered to this testimony. If a witness is unable to testify as to the rate of speed a vehicle was travelling in miles per hour, he may characterize its speed as fast or slow. McKenna v. Chicago City Ry. Co., 296 Ill 314, 322, 129 NE 814 (1921); Hester v. Goldsbury, 64 Ill App2d 66, 71; Callaghan's Ill Evid, Vol 4, § 7.33.

■ Under the facts before us, we would not be warranted in concluding that the jury's verdicts are "palpably contrary to the weight of the evidence, or that the evidence is so unreasonable, improbable or unsatisfactory as to justify a reversal . . . ." The People v. Kessler, 333 Ill 451, 461, 164 NE 840 (1929). Accordingly, the judgments appealed from must be affirmed.

Judgments affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.