THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY L. VAIL, Defendant-Appellant.

(No. 73-312; ▮▮▮▮▮▮

Third District—October 24, 1974.

Hottle and Spears, of Monmouth, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment entered in a bench trial in which defendant Gary L. Vail was found guilty of drag racing in violation of the provisions of section 11—504 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, § 11—504). In that section, drag racing is defined to mean "the act of 2 or more individuals competing or racing on any street or highway * * * in a situation in which one of the motor vehicles is beside or to the rear of a motor vehicle operated by a competing driver and the one driver attempts to prevent the competing driver from passing or overtaking him." The only issue on appeal before this court is whether the evidence is sufficient to support the conviction. Defendant contends he was not proven guilty of the offense beyond a reasonable doubt.

From the record it appears that at approximately 10:45 P.M. on June 26, 1973, defendant was arrested while operating a motor vehicle along a road known as old U.S. Route 34, a two-lane highway, in Warren County. The arresting officer, a deputy sheriff, charged defendant with the offense of drag racing.

The sole witness for the State was the arresting officer and the sole witness for the defendant was defendant himself. Defendant testified that he had pulled his automobile to a stop and was attempting to make a vehicle repair, and that another vehicle stopped near his. Defendant stated that after he refused an offer of assistance, he re-entered his vehicle, and thereupon, the second vehicle, not known by defendant, attempted to race with defendant or at least demonstrated a rapid acceleration. Defendant asserted that he did not attempt at any time to compete with the driver of the second car and that his vehicle was in fact passed by the second vehicle. Defendant contends that it takes two willing parties to engage in drag racing, unless the race is against time, and that defendant's testimony that he did not engage in such drag racing should have created a reasonable doubt of his guilt in the case.

On behalf of the State, the deputy sheriff testified that he observed two cars at rest side by side on the highway. He also testified that he heard a loud engine noise and squealing tires and that both automobiles accelerated and traveled side-by-side for several seconds. He observed that, in a distance of approximately one-half mile, defendant's car had attained a speed of around 65 miles per hour and the other car had reached a somewhat higher speed.

It is urged by defendant that darkness, distance, and the speed of the deputy's car minimized the weight of his testimony. The State argues that the fact of darkness is irrelevant as both cars could be seen easily by their tail lights and head lights. There was no testimony of any difficulty in viewing the actions of the two cars, nor was there any evidence of handling difficulty during the chase so as to prevent accurate observation. It is notable that defendant's car was in the right lane of the highway, and the officer testified that defendant accelerated very rapidly along with the other automobile from a dead stop.

■■ While the same requirement of proof beyond a reasonable doubt applies in cases of violations of provisions of the act regulating traffic on the highways of this State, it is the duty of the court on review to examine the record, and when the issue of sufficiency of evidence is raised to determine whether the trier of fact was justified in finding that defendant was guilty. (*People v. Holt*, 398 Ill. 606, 612, 78 N.E.2d 474.) The Illinois Supreme Court in *People v. Schoop*, 288 Ill. 44, 47-48, 122 N.E. 836, indicated that there must be a clear and well-founded doubt

arising from the evidence before a court of review will interfere on the basis that the evidence does not support the judgment.

■■ The parties in this case agree that the trial judge was the trier of fact and had the right to determine which of the witnesses was worthy of belief and, to the extent that such witnesses contradicted one another in testimony, the issue of credibility is for the determination of the trial court, subject to the requirement that his discretion in determining such issue shall not be abused.

■■ On the basis of the record before us, therefore, we do not believe we would be warranted in concluding that the evidence in the case was so unsatisfactory as to leave a reasonable doubt as to defendant's guilt. (*People v. Stangeland*, 76 Ill. App.2d 77; *People v. Wesselmann*, 78 Ill. App.2d 62.) We, accordingly, have concluded in compliance with Supreme Court Rule 23 (Ill. Rev. Stat. 1973, ch. 110A, § 23) that the judgment of the Circuit Court of Warren County is required to be affirmed, and we do affirm such judgment.

Affirmed.

STOUDER and DIXON, JJ., concur.