STATE OF MAINE *vs.* JOHN DORAN.

York.     Opinion December 5, 1904.

*Criminal Law.   Indictment.    Arrest of Judgment.    R. S. 1903, c. 132, §§ 9, 10; c.*
*120, § 8; c. 121, ? 1; c. 136, § 3; Const. of Maine, Art. 1, § 6.*

An indictment under the statute for attempting to break and enter a railroad car that contains no description of the overt act done by the accused in attempting to commit the crime charged, nor a specification of the particular felony which the defendant is charged with attempting to commit, is clearly insufficient.

Where the offense is created by statute and the facts constituting it are fully set out, it is undoubtedly sufficient to charge the offense in the language of the statute without further description. But if the statute creating an offense fails to set out the facts constituting it sufficiently to apprise the accused of the precise nature of the charge against him, a more particular statement of the facts will be required in the indictment.

Where a mere generic term is used, or where the words of the statute by their generality may embrace cases which fall within the terms but not within the spirit or meaning of it, the specific facts must be alleged to bring the defendant precisely within the inhibition of the law.

To constitute an attempt there must be something more than mere intention or preparation. There must be some act moving directly towards the commission of the offense after the preparations are made.

An indictment for an attempt to commit burglary must not only allege the attempt and intent but it is essential that it must also allege the overt acts relied upon as constituting the attempt.

The word felony is not the name of any specific offense, but is a generic term employed to distinguish certain high crimes from other minor ones known as misdemeanors, and an averment that the accused broke and entered the car for the purpose of committing a felony wholly failed to apprise him of the specific offense which it is claimed he intended to commit.

An indictment which fails to specify the particular felony which, it is alleged, the defendant intended to commit, is fatally defective.

Exceptions by defendant.    Sustained.

Judgment arrested.

The defendant, at the January term, 1904, of the Supreme Judicial Court, York County, was indicted for attempting to break and enter a certain car of the Boston & Maine Railroad "for the purpose of commiting a felony," and upon trial was found guilty; thereupon he moved in arrest of judgment. The motion was overruled, and the defendant excepted. Three reasons were assigned why judgment should be arrested but the court only considered the last.

The material facts appear in the opinion.

*George L. Emery*, County Attorney, for the State.
*Anthony Dwyer*, for the defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WHITEHOUSE, J.  It is alleged in the indictment that the defendant "with force and arms the car numbered 18656 of the Boston & Maine Railroad  .  .  .  .  feloniously, wilfully and maliciously did attempt to break and enter for the purpose of committing a felony." The jury returned a verdict of guilty, and the defendant moved in arrest of judgment, among other reasons, "because no

specific offense against the laws of this state is alleged against the said Doran in said indictment, and that no judgment could be rendered upon the verdict in said court." The motion was overruled by the presiding judge, and the case comes to this court on exceptions to this ruling.

The indictment appears to be founded on section 9 of chapter 132, R. S., relating to "attempt to commit offenses," and section 8 of chapter 120, R. S., descriptive of the offense which the defendant was charged with attempting to commit. Section 9 of chapter 132 provides that "whoever attempts to commit an offense, and does anything towards it, but fails, or is interrupted or prevented in its execution," shall be punished as therein provided; and section 8 of chapter 120 declares that "whoever, with intent to commit a felony, breaks and enters a . . . . railroad car of any kind, or building in which valuable things are kept," shall suffer the penalty therein specified.

It appears from a comparison of these provisions with the language of the indictment, that only the general terms of the statute have been employed to state the charge against the defendant, both with respect to the "attempt" to commit the offense and the "felony" which he intended to commit. The indictment contains neither a description of the overt act done by the accused in attempting to commit the crime charged, nor a specification of the particular felony which the defendant is charged with attempting to commit, after breaking and entering the car.

Where the offense is created by statute and the facts constituting it are fully set out, it is undoubtedly sufficient to charge the offense in the language of the statute without further description. 1 Bish. Cr. Proc. § 611. But "in all criminal prosecutions the accused shall have a right . . . . to demand the nature and cause of the accusation." Const. of Maine, Art. 1, § 6. He has a right to insist that the facts alleged to constitute a crime shall be stated in the indictment against him with that reasonable degree of fullness, certainty and precision requisite to enable him to meet the exact charge against him, and to plead any judgment which may be rendered upon it in bar of a subsequent prosecution for the same offense.

Hence if a statute creating an offense fails to set out the facts constituting it sufficiently to apprise the accused of the precise nature of the charge against him, a more particular statement of the facts will be required in the indictment. "And where a mere generic term is used, or where the words of the statute by their generality may embrace cases which fall within the terms but not within the spirit or meaning thereof, the specific facts must be alleged to bring the defendant precisely within the inhibition of the law." Ency. of Pl. and Prac., Vol. 10, p. 487; Wharton's Cr. Pl. and Prac., § 220. Indeed it is an elementary rule of criminal pleading that every fact or circumstance which is a necessary ingredient in a prima facie case of guilt must be set out in the indictment.

With respect to indictments for attempts to commit offenses Mr. Bishop says: "An attempt is an intent to do a particular criminal thing with an act towards it falling short of the thing intended, (1 Bish. Cr. Law, § 728), and on principle we see that we must set out the act which was committed and the specific intent which accompained it." Bish. on Stat. Cr., § 394; 2 Crim. Proc. §§ 1 and 92; Directions and Forms, § 100. In 2 Wharton's Crim. Law the author says: "'Attempt' is a term peculiarly indefinite. It has no prescribed legal meaning. It relates from its nature to unconsummated offenses. . . . Attempts may be merely in conception or in preparation, with no casual connection between the attempt and any particular crime. . . . In an indictment for an attempt it is essential to aver that the defendant did some act which directed by a particular intent, which must be averred, would have apparently resulted in the ordinary and likely course of things in a particular crime." §§ 2703 and 2705. To constitute an attempt there must be something more then mere intention or preparation. There must be some act moving directly towards the commission of the offense after the preparations are made. *People* v. *Young*, 122 Mich. 292. "An indictment for an attempt to commit burglary must not only allege the attempt and intent but it is essential that it also allege the overt acts relied upon as constituting the attempt." Cyc. of Law and Proc., Vol. 6, p. 225. See also Ency. Pl. and Prac., Vol. 3, p. 799, and cases cited.

Again, as already noted, the indictment fails to specify the particular felony which, it is alleged, the defendant intended to commit. This is another fatal defect. The word felony is not the name of any distinctive offense. It is a generic term employed to distinguish certain high crimes, as murder, robbery, rape, arson and larceny, from other minor ones known as misdemeanors. The averment that the defendant broke and entered the car for the purpose of commiting a felony wholly failed to apprise him of the specific offense which it is claimed he intended to commit. Whether it would be contended by the state that he intended to commit murder, or robbery, or rape, or larceny, he is not informed. Upon the trial of such an indictment he was liable to be oppressed by the introduction of evidence which he could not anticipate or be prepared to meet. The authorities are substantially unanimous in support of the proposition that such an allegation is wanting in the precision and certainty required by the constitution and the rules of criminal pleading. "Though in burglary and statutory house-breaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but the particular felony intended must be specified." Bish. Cr. Proc., 1, § 527, and 2, § 142. See also Ency. Pl. and Prac., Vol. 3, p. 772, and 6 Cyc. Law and Proc., 217, title "Burglary," and cases cited; Wharton's Cr. Pl. and Prac., § 163 a.

But while all the authorities substantially agree that it is necessary, in order that the charge may be certain, to specify the particular felony intended, they are not in harmony respecting the degree of particularity required in setting out the specific offense. According to the great weight of authority, however, as well as upon sound reason, the ulterior felony intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of such felony. 2 Bish. Cr. Proc., § 142. It is ordinarily sufficient to state the intended offense generally as by alleging an intent to steal, or commit the crime of larceny, rape or arson. Such is the rule in Massachusetts. In *Com.* v. *Doherty,* 10 Cush. 55, the court say: "From the very nature of the case in many instances the charge in its formal details could not be given. Suppose the alleged

intent were to commit larceny, but of what particular goods, or the property of what particular individual, it could not be known unless the theft was actually perpetrated. A general intent to steal goods would complete the offense, and the averment of such intent without more is sufficient." *Josslyn* v. *Com.*, 6 Met. 239. Nor is it necessary under our statutes, in the case of an alleged intention to commit larceny, to aver that the property intended to be stolen exceeded $100 in value. By section 1 of chapter 121, R. S., the larceny of property less than $100 in value is punishable by "imprisonment for not more than two years," and is therefore a felony under our statutes. By section 10 of chapter 132, and section 3 of chapter 136, R. S., the term felony is made to include every offense "punishable by imprisonment" "for the term of one year or more." See *State* v. *Goddard*, 69 Maine, 181.

The indictment being clearly insufficient for the reasons above set forth under the third specification contained in the defendant's motion, it is unnecessary to consider the causes assigned in the first and second specifications.

*Exceptions sustained. Motion sustained. Judgment arrested.*