**The People of the State of Illinois, Plaintiff-Appellee, v. Russell L. Dickman, Defendant-Appellant.**

**Gen. No. 69–56.**

Second District.

December 11, 1969.

Smith, Smith & Smith, of Savanna (Richard K. Smith, of counsel), for appellant.

William B. Petty, State's Attorney, of Mt. Carroll, and John D. Kightlinger, Assistant State's Attorney, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

A jury found the defendant, Russell L. Dickman, guilty of driving while under the influence of intoxicating liquor. The court entered judgment on the verdict, fined him $500 plus costs, and sentenced him to 90 days at Vandalia. On appeal, he contends that the tactics of the State were prejudicial and deprived him of a fair trial, and that the evidence did not establish his guilt beyond a reasonable doubt.

The prejudicial tactic of which the defendant complains was the narrative manner in which the State elicited the testimony of the arresting officer and other of its witnesses. He claims particularly that he was prejudiced when the arresting officer testified that when

he took the defendant to the sheriff's office, Sheriff Miller said something to the effect, "not you again."

We have examined the record in its entirety and do not find that the manner in which the State questioned the arresting officer, or other of its witnesses, was prejudicial to the defendant; nor do we believe that the conduct of the State's Attorney in interrogating the witnesses constituted reversible error. On several occasions throughout the testimony of the arresting officer, the defendant objected to the narrative form of his testimony, and each time the objection was sustained; and the State proceeded with the testimony on a question-answer basis at the request of the trial judge. The overall testimony, however, was clearly in the narrative form. It was not in form of answers by the witness in response to questions by the State's Attorney. While the prosecutor did ask a number of questions throughout the examination of the State's witnesses, the answers were neither short nor immediate, but rather, generally narrated what series of events next transpired.

Normally, evidence is introduced by question and specific response. This method of interrogation tends to keep the testimony of the witness within the rules of evidence and affords greater opportunity for opposing counsel to object to inadmissible testimony before it is actually given. To the extent that a question is not specific, or does not call for a limited, precise response, the answer of the witness may be in a narrative form. This has the advantage of naturalness and freedom from interruption, but it possesses the danger of eliciting irrelevant and inadmissible evidence before an objection can be made. The trial court has the discretion to permit the narrative form of testimony, particularly if it is best suited to the characteristics of a particular witness. Cleary, Handbook of Illinois Evidence, 2nd Ed § 6.4.

439

■ The State may offer a continuous narrative of the events that formed the context of the arrest. People v. Sessions, 95 Ill App2d 17, 24, 238 NE2d 94 (1968); People v. Alexander, 69 Ill App2d 27, 29, 216 NE2d 180 (1966). The State's witnesses tended to testify in the narrative form. This method of testifying was not contrived and took place without prodding by the State's Attorney. The trial court limited the narrative testimony to some extent. However, the method of testifying and the form of the testimony does not appear to us to have caused an outcome different from what it otherwise would have been. The People v. Ashley, 18 Ill2d 272, 282, 164 NE2d 70 (1960), cert den 363 US 815; The People v. Cavanaugh, 13 Ill2d 491, 492, 150 NE2d 592 (1958).

■ The defendant contends that the testimony that the sheriff said, "not you again," when the defendant was brought to the jail, suggested to the jury that the defendant was a criminal, who was frequently arrested and jailed. We agree with the defendant that, as a general rule, in criminal cases, evidence in any manner showing or tending to show, or raise the implication of the commission of any other or similar act of misconduct, crime or offense, is inadmissible on behalf of the prosecution for the purpose of establishing that the defendant is guilty, unless the defendant has opened the door to such testimony. This is particularly true where the prosecution has made an obvious attempt to bring forth such testimony and thus prejudice the jury. The People v. Ciucci, 8 Ill2d 619, 624, 625, 137 NE2d 40 (1956); People v. Sessions, supra, 24; People v. Harges, 87 Ill App2d 376, 380, 381, 231 NE2d 650 (1967). Here, however, there was no such attempt on the part of the State. The defendant made no objection to this testimony. Under the circumstances of this case, we believe that there was no plain error of the type which would warrant our reversal without objection in the trial court.

440

People v. Robinson, 98 Ill App2d 285, 288, 289, 240 NE 2d 397 (1968); Supreme Court Rule 615(a), (Ill Rev Stats 1967, c 110A, par 615(a)). Further, we do not believe from the record before us that these words, which were volunteered by the witness, affected the outcome of the trial. People v. Ashley, supra; People v. Cavanaugh, supra.

 Without reciting all of the relevant testimony, we believe there was ample evidence to prove the defendant's guilt beyond a reasonable doubt. The arresting officer testified that the defendant's breath was strong of the odor of alcohol; his eyes were bloodshot; his speech slurred; he had difficulty in the use of his hands and in maintaining his balance; that at the time of his arrest he fell to the ground when he got out of his car and also fell to the floor at the jail. He also testified that he was familiar with the appearance and actions of persons who are intoxicated, and that he was of the opinion that the defendant was intoxicated. Another police officer, who was present at the arrest, and the sheriff, testified similarly. The sheriff further testified that there was no reason to give tests to determine whether the defendant was intoxicated, because he couldn't stand up.

The defendant admitted that he had been drinking; that he told the State Trooper that he was not sick; and that he had consumed four mixed drinks and three beers over a period of seven hours. He also testified that he had taken six or seven tranquilizer pills during the same period; that he had been taking these pills for a nervous condition; and that he was nervous and ill at the time of his arrest.

A doctor testified on behalf of the defendant. He stated that he had been treating the defendant for a nervous condition for about ten years; that if a person increased the amount of the drug that the defendant was taking beyond that prescribed, in combination with the

consumption of alcohol, such a person would manifest the appearance of intoxication; and that the intoxicating liquor would be a contributing factor.

The defendant's contention that the State's witnesses did not testify that the cause of intoxication was alcoholic liquor is without merit and is contradicted by the record. The police officers testified as to their observations, and their prior experiences were sufficient to support their opinion testimony with reference to intoxication. Also, there was other evidence which was ample to sustain a finding beyond a reasonable doubt that the defendant was driving while under the influence of intoxicating liquor. People v. Melero, 99 Ill App2d 208, 212, 240 NE2d 756 (1968); People v. Armstrong, 16 Ill App2d 365, 368, 148 NE2d 187 (1958).

██ In People v. Mundorf, 97 Ill App2d 130, 239 NE2d 690 (1968), at pages 138 and 139, we pertinently stated:

> "Under the law, it is the province of the trier of fact to weigh the evidence and determine the credibility of witnesses. Where the evidence on an issue is conflicting but legally sufficient if the State's witnesses are believed, the question is for the trier of fact to determine. People v. Jennings, 84 Ill App 2d 33, 39, 228 NE2d 566 (1967); People v. Ray, 80 Ill App2d 310, 316, 225 NE2d 467 (1967). This determination includes belief or disbelief of a witness' testimony as well as resolving conflicts in the evidence. The trial court observed the witnesses, their candor or evasiveness, and their demeanor while testifying, and we will not interfere with its findings merely because there were conflicts in the testimony. People v. Castanza, 92 Ill App2d 419, 236 NE2d 251, 257 (1968)."

■ It is only when we can say from a consideration of all of the evidence, that there is clearly a reasonable and well-founded doubt of the guilt of the accused, that we will interfere on the ground that the evidence does not support the verdict. People v. Stangeland, 76 Ill App 2d 77, 80, 220 NE2d 748 (1966).

The defendant has suggested several hypotheses of innocence, and has argued that the sheriff should have given intoxication tests and called a physician. The suggested hypotheses do not convince us that there is a well-founded doubt of guilt; neither do we believe, under the circumstances of this case, that the sheriff should have given intoxication tests to, or called a physician for the defendant, nor that his failure to do so casts any doubt upon the result reached by the jury.

■ The purpose of reviewing a judgment in a criminal case is not to determine whether the record is perfect, but rather to resolve whether the defendant has had a fair trial under the law and whether his conviction is based upon evidence which establishes his guilt beyond a reasonable doubt. If the errors in the record could not reasonably have affected the result of the trial, the judgment should be affirmed. The People v. Ashley, supra, 282.

For the foregoing reasons, we affirm the judgment of the trial court.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.