THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE SANDERS, a/k/a CORNELIUS BROOKS, Defendant-Appellant.

(No. 55886;

First District—September 11, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

Following a bench trial, George Sanders was found guilty of the offense of attempt, theft. (Ill. Rev. Stat. 1969, ch. 38, par. 8—4.) Judgment was entered on the finding and he was sentenced to a term of not less than one nor more than five years in the Illinois State Penitentiary. The single issue raised in this appeal concerns the sufficiency of the indictment to charge an offense.

The indictment charges that defendant,

"* * * committed the offense of attempt in that he, with the intent to commit the offense of theft in excess of one hundred fifty

dollars, the property of Goldblatt Bros. Inc., a corporation, be committed, attempted to obtain unauthorized control over thirty dresses and thirteen coats * * *."

Defendant has taken the position that the indictment fails to charge an offense in that a sufficient allegation as to the requisite mental state is lacking. He argues that the failure of the indictment to charge an intent permanently to deprive the owner of the use and benefit of the property, as is required for the choate offense of theft, renders the indictment fatally defective. Thus the general principle for which defendant argues is that in order that an indictment properly charge the commission of the inchoate offense of attempt, it must allege the mental state described by statute for the choate offense. The response of the State, that the instant indictment was sufficient to advise the defendant of the nature of the offense charged falls wide of the mark, for the point at issue is whether the indictment charges the commission of a criminal offense at all.

Section 111—3 of the Code of Criminal Procedure requires that an indictment allege each of the elements of the offense the commission of which it purports to charge. The elements of the offense of attempt consist of an act which constitutes a substantial step toward the commission of an offense and an intent that the offense be committed. While in a most practical sense it is not possible that one could intend that his actions result in the commission of a criminal offense without first having formulated the mental state necessary for that offense, it does not follow that such mental state must be alleged in specific terms in an indictment for attempt.

The allegation of the indictment to the effect that defendant acted with the intent to commit the offense of theft is sufficient. *People v. Matthews* (1970), 122 Ill.App.2d 264, 258 N.E.2d 378, cited by defendant is not inconsistent with this conclusion. In that case an effort to allege the mental state necessary for the offense of attempt was made by reciting specifically the mental state for the choate offense. The recitation was incomplete, however, and as a consequence a mental state alleged was consistent with a lawful interpretation of the conduct attributed to the accused. The decision does not stand for the proposition that an indictment for attempt must allege in specific terms the mental state defined by statute for the choate offense. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.