THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN GEARY, Defendant-Appellant.

(No. 56495; )

First District—November 15, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Robert Morel Gray, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Steven Geary, along with Michael Vick, was charged with attempt theft in violation of section 8—4 of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 8—4.) After a bench trial, the defendant, Steven Geary, was found guilty and placed on one year's probation with the first ninety days to be served in the House of Correction.

On appeal Geary contends that the complaint is fatally defective because (1) it fails to allege the requisite mental state, (2) it did not allege that the attempted taking was "unauthorized" and (3) that his jury waiver was invalid because he was not advised that a jury's verdict must be unanimous.

On July 22, 1971, the following complaint was filed against Steven Geary:

> "Gustav Villate, complainant, now appears before the Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that Steven Villate has on or about July 22, 1971 at 2835 W. Montrose Ave. committed the offense of attempt in that he with intent to commit the offense of theft attempted to take cash and other things of value from Mozart Medical Center at 2835 W. Montrose Ave., the property of Gustav Villate, value of less than $150.00, with the intent to permanently deprive the owner of the use and benefit of such property in violation of chapter 38, section 8—4, Illinois Revised Statutes, and against the Peace and Security of the People of the State of Illinois."

Chicago police officer, Robert Wallander, testified that on July 22, 1971, he responded to a call and went to the Mozart Medical Center. Upon his arrival, he observed that the front window was broken out. As he entered the alley behind the Center, he heard glass breaking and observed Steven Geary and Michael Vick come out of the broken window in the rear of the Mozart Medical Center. Both men attempted to flee, but were apprehended.

Gustav Villate testified that he is the owner of the Mozart Medical Center. He did not give the defendants permission to enter or take anything from the Mozart Medical Center.

Michael Vick and Steven Geary testified that they were only drinking wine in the alley behind the medical center and never entered the medical center.

■■ The defendant first argues that the complaint is fatally defective in that it fails to allege the requisite mental state. The complaint does not use the term "knowingly." In *People v. Sanders* (1972), 7 Ill.App.3d 848, 289 N.E.2d 110, we held that an indictment charging attempt theft sufficiently stated the requisite mental state when it alleged that the defendant acted "with intent to commit the offense of theft." In the instant case, the complaint alleged that the defendant acted "with intent to commit the offense of theft." The complaint is sufficient.

■■ The defendant also argues that the complaint is fatally defective because it failed to allege that the defendant's attempted taking was "unauthorized." In *People v. Wade*, 131 Ill.App.2d 415, 264 N.E.2d 898, we held valid a theft complaint where the term "unauthorized" had been omitted. There the complaint did state that the defendant was "intending to deprive the said owner permanently of the use and benefits of said property." In the instant case, the complaint did state that the attempted

taking was "with the intent to permanently deprive the owner of the use and benefit of such property." The complaint is sufficient.

The defendant lastly contends that he did not knowingly and understandingly waive a jury because he was not advised that a jury verdict must be unanimous. At the time of the jury waiver, the following colloquy occurred:

> "The Court: All right, Mr. Geary, how do you plead to the new charge, guilty or not guilty?
>
> Mr. Geary: Not Guilty.
>
> The Court: Do you wish to have a jury trial?
>
> Mr. Geary: No sir, this court will be fine.
>
> The Court: Do you know what a jury trial is?
>
> Mr. Geary: No, but this court is fine anyway.
>
> The Court: You are entitled to have all the evidence heard in the case by 12 citizens whom your lawyer would help to select and they would pass upon your guilt or innocence or you can waive the right to a jury trial and have a judge do it. .
>
> Now, do you know what I mean by a jury trial?
>
> Mr. Geary: Yes, sir.
>
> The Court: Do you want the jury to hear your case or this court?
>
> Mr. Geary: No, sir, I want you to hear it.
>
> The Court: Plea of not guilty, jury waived."

■■ There is no specific formula for determining whether a defendant knowingly and understandingly waived his right to trial by jury. Each case depends on its particular facts. (*People v. Wesley*, 30 Ill.2d 131, 195 N.E.2d 708.) However, a lengthy explanation of the consequences of a jury trial is not a prerequisite to the validity of a jury waiver. *People v. Bradley*, 131 Ill.App.2d 91, 266 N.E.2d 469.

■■ In the case at bar, the defendant, after an explanation by the court, stated that he understood what a jury trial was and that he wished to waive a jury trial. There is nothing to indicate that the defendant did not understand that he had a right to a jury trial and that he was willing to waive that right. (*People v. Johnson*, 3 Ill.App.3d 158, 279 N.E.2d 47.) The waiver of a jury trial by the instant defendant was knowingly and understandingly made.

The Illinois Appellate Court for the Fourth District has recently rejected the exact defense argument made herein. *People v. Rodgers*, 2 Ill.App.3d 507, 276 N.E.2d 504.

For these reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.