(No. 46490.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. BARNEY LONZO, Appellee.

*Opinion filed November 18, 1974.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, and John J. Verscaj, law student, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell and John Thomas Moran, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, the defendant, Barney Lonzo, was found guilty of the offense of attempted theft, and was sentenced to a term of 60 days in the House of Correction. The complaint charged that on August 29, 1972, "at 55 West Chestnut

Street, Chicago, Illinois" the defendant "committed the offense of Attempt in that he with intent to commit the offense of theft, attempted to exert unauthorized control over bicycles in a bicycle storage cage, and permanently deprive the owners of those bicycles of their use and benefit."

The defendant did not move to dismiss the complaint, nor did he request a bill of particulars. After the prosecution had presented its case, however, he moved for a directed finding on the ground that the complaint failed to allege that the defendant took a substantial step toward the offense of theft. The trial court overruled the objection.

In a *per curiam* opinion the appellate court reversed the judgment on the ground that the complaint was "insufficient in that it does not properly allege ownership of the property involved." (16 Ill. App. 3d 503.) We allowed the State's petition for leave to appeal.

In reaching its conclusion the appellate court relied upon *People v. Tassone* (1968), 41 Ill.2d 7, and *People v. Baskin* (1969), 119 Ill. App. 2d 18. Neither of these cases, however, involved a charge of attempted theft; each involved a completed offense. Obviously, the elements of an inchoate offense cannot be charged with the particularity that is possible after the offense has been completed. In the present case, for example, it seems unlikely that either the defendant or his two co-defendants, who were apprehended with him inside the bicycle cage in the basement of the building, had determined which bicycles they intended to steal.

The difference between the particularity required in charging an attempt and a completed offense has been frequently pointed out. In *People v. Williams* (1972), 52 Ill.2d 455, 460-1, for example, we stated:

> "*** As an indictment for conspiracy need not allege all the elements of the substantive offense which is the object of the conspiracy

(*Stein v. United States* (9th cir.), 313 F.2d 518), in an indictment for attempt, the crime intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the crime. (*Baker v. State,* 6 Md. App. 148, 154, 250 A.2d 677, 683; *State v. Doran,* 99 Me. 329, 332, 59 A. 440, 442; 4 Wharton's Criminal Law and Procedure (1957), sec. 1793.) The Supreme Judicial Court of Maine in the *Doran* case said: 'It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson.' "

A similar conclusion was reached with respect to a charge of attempted burglary in *People v. Woodward* (1973), 55 Ill.2d 134.

Section 8—4 of the Criminal Code contains the following statement of the elements of the offense of attempt: "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." (Ill. Rev. Stat. 1973, ch. 38, par. 8—4.) In our opinion the present complaint adequately states the elements of the offense. The record establishes that the defendant and his companions were apprehended inside the bicycle cage, and that the padlock on the door of the cage had been cut. Insofar as possible double jeopardy is concerned, the defendant would not be protected against an attempt to steal a bicycle of one of the owners at another time and place, but he would be protected against a charge of theft or attempted theft of any bicycle, at that time and place.

The judgment of the appellate court is reversed and that of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*