THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT
TIGGS, Defendant-Appellant.

First District (1st Division)    No. 62242

Opinion filed April 26, 1976.

James J. Doherty, Public Defender, of Chicago (Marilyn D. Israel and Deborah
N. Michels, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, Robert Tiggs (defendant) was found guilty of attempt theft (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) and sentenced to 6 months in jail. In his appeal he raises only the sufficiency of the complaint. He contends that the original complaint was fatally defective and void and that the trial court erred in permitting it to be amended. The People urge that the original complaint was legally sufficient and that the permitted amendment merely added surplusage thereto.

The original complaint alleged that in violation of a specified section of the pertinent statute, defendant (on and at a specified date and place) "committed the offense of Attempt Theft in that he knowingly and without lawful authority attempted to permanently deprive Karroll's [sic] Inc. of one seude [sic] jacket."

The trial proceeded until the jury was selected and sworn and opening statements were made. Without objection the complaint was then amended by the State to add, "value of less than $150.00" and the citation of the violated statute was corrected. The Assistant State's Attorney then requested leave to add an additional amendment: "By exerting unauthorized control over one suede jacket, the property of Karoll's, Inc., with the intent to permanently deprive Karoll's, Inc., of said property." The court overruled defendant's objection and the requested amendment was accordingly made. Defendant made oral motions to dismiss at the close of the People's case and at the close of all evidence on the theory that the complaint was defective in substance. These motions were denied. In our opinion, the decisive issue is the legal sufficiency of the original complaint prior to the amendment.

■■ The legal authority for amendment of indictments or criminal complaints is found in section 111—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1973, ch. 38, par. 111—5.) The statute provides expressly for amendment "at any time because of formal defects * * *." It has been authoritatively held that this provision applies exclusively to formal defects and neither contemplates nor authorizes amendment of a complaint which is legally insufficient in a matter of substance. *People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340; *People v. Adams* (1972), 8 Ill. App. 3d 62, 65, 289 N.E. 2d 53; *People v. Allen* (1972), 8 Ill. App. 3d 176, 178, 289 N.E. 2d 467; *People v. Tucker* (1971), 131 Ill. App. 2d 598, 268 N.E.2d 191.

Thus, if the original complaint was formally defective, it could properly be amended. In such case the allegations added by amendment would be analogous to a bill or statement of particulars which would supplement and strengthen the complaint. In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the Supreme Court reversed the Illinois rule that a charge lacking substance is insufficient to give the trial court subject matter jurisdiction. (See *People v. Wallace* (1974), 57 Ill. 2d 285, 288, 312 N.E.2d 263.) Under *Gilmore,* which refers to section 9 of article VI of the Illinois Constitution of 1970, if the original complaint was defective in substance, the subject matter jurisdiction of the trial court would not be affected. But, where a complaint lacks substance, denial by the trial court of a proper motion to dismiss would warrant reversal. We therefore will examine the legal sufficiency of the original complaint.

■■ It has been frequently stated that a criminal complaint is required to set forth the nature and elements of the charge. (See *People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340, which cites the pertinent statutory and constitutional provisions.) A charge phrased in terms of a statutory offense "may be valid if the words 'so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged.' " *People v. Baez* (1974), 20 Ill. App. 3d 896, 899, 314 N.E.2d 258, *leave to appeal denied,* 56 Ill. 2d 587, quoting *People v. Harvey* (1973), 53 Ill. 2d 585, 588, 294 N.E.2d 269.) However, the sufficiency of the complaint "is to be determined by the substance of the charge and not the technicalities of its language." *(People v. Mahle* (1974), 57 Ill. 2d 279, 283, 312 N.E.2d 267.) In addition, the charge must be sufficiently specific to serve as a bar to a second prosecution for the same offense *(Harvey,* 53 Ill. 2d 585, 588) and defendant must show prejudice resulting from the claimed defect in the charge. *People v. Williams* (1967), 37 Ill. 2d 521, 525, 229 N.E.2d 495; *People v. Garmon* (1974), 19 Ill. App. 3d 192, 195, 311 N.E.2d 299, *leave to appeal denied,* 56 Ill. 2d 588.

■■ The law requires a complaint charging attempt theft to allege an intent to commit the substantive offense of theft and an overt act which constitutes a substantial step toward the commission of theft. *People v. Woodward* (1973), 55 Ill. 2d 134, 138, 302 N.E.2d 62; *People v. Nunn* (1975), 29 Ill. App. 3d 399, 331 N.E.2d 8.

■■ In defendant's motions in the trial court directed to the complaint, defendant did not assert its alleged failure to state an intent to commit theft. The point is not argued in defendant's brief in this court. It is therefore considered waived. (Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(7); *Crane Construction Co. v. Symons Clamp & Manufacturing Co.* (1962), 25 Ill. 2d 521, 527, 185 N.E.2d 139; *People ex rel. Rappaport v.*

*Drazek* (1975), 30 Ill. App. 3d 310, 317, 332 N.E.2d 532.) We will, however, consider this contention which goes to the legal sufficiency of the complaint.

The issue is readily resolved. The original complaint before us alleged an attempt, knowingly and without lawful authority, "to permanently deprive Karroll's [*sic*] Inc. of one seude [*sic*] jacket." This is virtually identical to the statutory statement of intent to commit theft and therefore it is a sufficient allegation of the requisite intent. Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1).

■■  The next issue is whether the original complaint sufficiently alleges a substantial step toward commission of the substantive offense. The decisive authority here is *People v. Lonzo* (1974), 59 Ill. 2d 115, 319 N.E.2d 481. There, a complaint for attempt theft charged that defendant committed attempt theft in that " ' * * * he with intent to commit the offense of theft, attempted to exert unauthorized control over bicycles in a bicycle storage cage, and permanently deprive the owners of those bicycles of their use and benefit.' " (59 Ill. 2d 115, 116.) Defendant there, as in the case before us, contended that the complaint was void for failure to allege a substantial step toward commission of a theft. The supreme court reversed this court and held the complaint legally sufficient. The court cited the principle that less particularity is required in charging the elements of an offense where it is inchoate as distinguished from completed. The court held that the complaint adequately stated the elements of an attempt and did not fail for lack of a more detailed charge of the offense attempted. 59 Ill. 2d 115, 117.

The *Lonzo* complaint charged an attempt, (1) to exert unauthorized control over bicycles in a specified location, and (2) to permanently deprive the owners of the bicycles of their use. The original complaint before us charged that defendant committed attempt theft in that he knowingly and without lawful authority attempted permanently to deprive Karoll's, Inc. of a suede jacket. This allegation set forth a substantial step toward commission of theft and, therefore, properly alleged the elements of attempt theft.

The sufficiency of the original complaint before us is further demonstrated by two decisions cited in *Lonzo*. We refer to *People v. Williams* (1972), 52 Ill. 2d 455, 288 N.E.2d 406, concerning attempt kidnapping and *People v. Woodward* (1973), 55 Ill. 2d 134, 302 N.E.2d 62, involving attempt burglary. All of these authorities illustrate and support the principle that the elements of the substantive offense related to the inchoate violation "cannot be charged with the particularity that is possible after the offense has been completed." *Lonzo*, 59 Ill. 2d 115, 116; also *People v. Mass* (1975), 31 Ill. App. 3d 759, 761, 762, 334 N.E.2d 452, *leave to appeal denied*, 61 Ill. 2d 599.

This same principle operates to distinguish *People v. Hayn* (1969), 116 Ill. App. 2d 241, 253 N.E.2d 575, cited by defendant, which involved a completed theft. In *People v. Mack* (1974), 24 Ill. App. 3d 455, 321 N.E.2d 446, also cited by defendant, the lengthy and rather rambling complaint "clearly failed to allege either that defendant had the specific intent to commit the offense of rape or that he did any act which constituted a substantial step toward the commission of the offense * * *." (24 Ill. App. 3d 455, 459.) This court properly refused to permit the complaint to be supplemented by a so-called "form" read into the record by counsel for the State. The decision is not applicable here.

As above brought out, the defendant must demonstrate that he has been prejudiced in some manner as a result of the claimed defect in the complaint. (See *People v. Garmon* (1974), 19 Ill. App. 3d 192, 195, 311 N.E.2d 299.) A search of the entire record does not reveal any prejudice to defendant in even the slightest degree. No claim that he was at a disadvantage for any reason was ever raised by him. He presented a strong defense to the charges against him. Also, the complaint before us is sufficient to bar a future prosecution against defendant for this same offense. *(People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.) The conclusion follows that the original complaint was legally sufficient and the judgment appealed from is affirmed.

Judgment affirmed.

SIMON and O'CONNOR, JJ., concur.