THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ZENON TUCZYNSKI, Defendant-Appellant.

First District (5th Division)    No. 77-888

Opinion filed June 30, 1978.

Chester A. Lizak, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In a bench trial, defendant was convicted of attempt theft and attempt theft by deception and sentenced to two years probation. On appeal, he contends that (1) the complaints did not sufficiently charge the offense of attempt theft; (2) the trial court erred (a) in trying the complaints together, (b) in allowing defendant to continue representing himself when it became apparent that he did not understand the elements of the offense charged and (c) in permitting evidence of similar conduct by

defendant against third parties; and (3) the offense as charged in one of the complaints was not proven.

The relevant facts are not in dispute. Defendant is the owner and publisher of the Jednosc and Polish Courier newspapers. His wife, his brother, and several part-time employees assist him in publishing both of those newspapers.

In 1976, Casimir Laskowski and Edward Novak filed separate complaints against defendant for billing them for advertisements in his newspapers that they had not ordered. The Laskowski complaint alleged that:

> "Zenon Tuczynski * * * committed the offense of attempt, in that he with intent to commit the offense of theft by deception, submitted a bill to the complainant, Casimir Laskowski, for nonexistent and non-authorized advertising * * *."

The Novak complaint charged that:

> "Zenon Tuczynski * * * committed the offense of attempt in that he, with intent to commit the offense of theft, billed the complaining witness, Edward E. Novak, for services not ordered * * *."

Prior to trial, defendant was informed by the court of his right to counsel and to a jury trial. He was strongly urged to retain the services of an attorney and advised that an appointment of an attorney would be made if he could not afford to retain one. Defendant, however, stated that he wished to represent himself and requested that the trial judge decide the case.

During the trial, Laskowski testified that he received a bill for $73 from defendant's Jednosc newspaper for an advertisement of his funeral home. He did not pay the bill because he had neither ordered nor authorized the advertisement. He also received from the newspaper several reminder notices that the bill had not been paid. The State introduced into evidence the December 20, 1975, edition of defendant's Jednosc newspaper containing an ad for Laskowski's funeral home—which he stated was an unauthorized reproduction of an ad ordered by him appearing in the December 19, 1975 edition of the Polish Daily Zgoda newspaper.

While he was cross-examining Laskowski, defendant requested an explanation in lay terms of the attempt theft charge. The state's attorney answered, "[Y]ou attempted to acquire money falsely from false billing, knowing those billings to have been false and unauthorized—to wit—the intent to permanently deprive people of property."

Novak then testified that on March 14, 1976, he received a bill from defendant's Courier newspaper for an unauthorized advertisement for the Polish American Political League, of which he was chairman. He stated that neither he nor any other officer of the organization authorized

the advertisement, but that he had placed a political ad for the League in the Zgoda newspaper on March 12—which was the same ad appearing in defendant's Courier.

During his cross-examination of Novak, defendant inquired as to the nature of the Novak charge and the state's attorney informed him that it was attempt theft. Defendant then asked him to explain in lay terms what the difference was between the Laskowski and Novak charges. The state's attorney stated that the difference was that in the Laskowski case "we can prove where you got the ads from, that they were unauthorized and that you published it in the Jednosc newspaper." In the Novak case "the only thing we can prove is that you issued an unauthorized bill. We can't prove that you ever published an ad."

Five other witnesses, Raymond Sarnow, Reverend Edmond Siedlecki, Frank Condel, Donald Binniac, and Arthur Kilinonski testified that they had received bills from defendant's newspapers for advertisements they did not order.

Walter Kuman, an advertising department employee for the Polish Zgoda Printing and Publishing Company, testified that the Laskowski and Siedlecki advertisements appearing in the December 20, 1975, edition of defendant's newspaper were reproductions of advertisements published in the Zgoda newspaper on December 19, 1975, and he stated that defendant was not authorized to reproduce any advertisements from the Zgoda newspaper.

At the close of the State's case, defendant requested and was granted a one-week continuance to select his defense witnesses. During that week, defendant retained an attorney who was granted another continuance for one week to become acquainted with the case and to prepare a defense.

When the trial resumed, defendant testified that his wife and many of his newspaper employees accepted orders for advertisements during the period that the Laskowski and Novak advertisements were taken. He stated also that when an advertiser wanted the publication of an ad that appeared in another paper, it was his practice to reproduce the ad from the other paper. He further testified that he neither recorded the orders for the Laskowski or Novak advertisements nor did he send bills to them.

Defendant's wife testified that she was employed by the Jednosc and Courier newspapers and that in December 1975, a caller who identified himself as Casimir Laskowski ordered an advertisement for his funeral home to be placed in the December 20 edition of the newspaper. Since the advertisement he wanted had appeared in the Zgoda newspaper on December 19, she reproduced that ad in the Jednosc newspaper.

Opinion

Defendant initially contends that the two misdemeanor complaints

were insufficient to charge him with the offenses of attempt theft. He argues that the complaints failed to set forth the elements of the principle offense of theft; particularly that they lacked allegations of any attempt to "obtain or exert unauthorized control" so as to "permanently deprive the owners of the use or benefit of their property" and that they did not contain an allegation as to the nature of the property that he attempted to steal.

■■ The function of a misdemeanor complaint, like any other charging instrument, is to advise the accused of the nature of the accusation so as to enable him to fully prepare his defense (*People v. Dillon* (1968), 93 Ill. App. 2d 151, 236 N.E.2d 411), and it must be sufficiently specific to serve as a bar to a second prosecution for the same offense (*People v. Harvey* (1973), 53 Ill. 2d 585, 588, 294 N.E.2d 269, 270).

■■ When the sufficiency of a complaint is attacked in a pretrial motion (Ill. Rev. Stat. 1975, ch. 38, par. 114—1) or, as here, after trial in a motion in arrest of judgment (Ill. Rev. Stat. 1975, ch. 38, par. 116—2), the standard of review is to determine whether the complaint complies with the stated requirements of section 111—3 of the Code of Criminal Procedure of 1963 for charging an offense (Ill. Rev. Stat. 1975, ch. 38, par. 111—3; see *People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460; *People v. Clutts* (1976), 43 Ill. App. 3d 366, 356 N.E.2d 1367).

That section requires a charge to be in writing, to state the nature of the offense, to cite the statutory provisions alleged to be violated and to set forth each of the elements of the offense charged. *People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340, 342-43.

■■ The elements of the inchoate offense of attempt consist of an intent to commit a specific offense and an act which constitutes a substantial step toward the commission of that offense. Ill. Rev. Stat. 1975, ch. 38, par. 8—4; *People v. Woodward* (1973), 55 Ill. 2d 134, 137-38, 302 N.E.2d 62, 63-64; *People v. Richardson* (1965), 32 Ill. 2d 497, 502, 207 N.E.2d 453, 456; *People v. Tiggs* (1976), 38 Ill. App. 3d 72, 347 N.E.2d 389; *People v. Sanders* (1972), 7 Ill. App. 3d 848, 289 N.E.2d 110.

The degree of specificity required in an indictment charging an attempt was addressed generally in *People v. Williams* (1972), 52 Ill. 2d 455, 461, 288 N.E.2d 406, 409, where defendant was charged with attempt kidnapping and the court, in holding that less particularity is required in charging the elements of an inchoate offense than a completed offense, stated:

> "[I]n an indictment for attempt, the crime intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the crime. (*Baker v. State*, 6 Md. App. 148, 154, 250 A.2d 677, 683; *State v. Doran*, 99 Me. 329, 332, 59 A. 440, 442; 4 Wharton's Criminal Law and Procedure (1957), sec.

1793.) The Supreme Judicial Court of Maine in the *Doran* case said: 'It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson.' "

In the instant case, both complaints charged an intent to commit the offense of theft by "billing" or "submitting a bill" to the complaining witnesses; in the case of Laskowski, for "non-existent and non-authorized advertising"; and, in the case of Novak, for "services not ordered." We believe that *People v. Lonzo* (1974), 59 Ill. 2d 115, 319 N.E.2d 481, is controlling of the question as to whether those allegations were sufficient to assert that defendant took a substantial step forward towards the commission of the offense of theft. In *Lonzo*, the complaint charged defendant committed attempt theft in that "he with intent to commit the offense of theft, attempted to exert unauthorized control over bicycles in a bicycle storage cage, and permanently deprive the owners of those bicycles of their use and benefit." (59 Ill. 2d 115, 116, 319 N.E.2d 481, 482.) Further, in *Lonzo*, the court cited *Williams* and the principle that the elements of the substantive offense related to the inchoate violation "cannot be charged with the particularity that is possible after the offense has been completed." (59 Ill. 2d 115, 116, 319 N.E.2d 481, 482.) The court held there that the complaint adequately stated the elements of an attempt and did not fail for lack of a more detailed charge of the offense attempted.

■■ In view thereof, we find the allegations in the two complaints that defendant "submitted a bill" or "billed" the complaining witness for unauthorized advertising sufficiently alleged a substantial step toward the commission of theft and, since a bill is a monetary claim by a creditor, these allegations adequately identified the nature of the property defendant allegedly attempted to steal. Therefore, it was unnecessary to include the statutory language found in the theft section of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 16—1) that defendant attempted to attain or exert unauthorized control over the property of the owner (*Tiggs; People v. Geary* (1972), 8 Ill. App. 3d 633, 291 N.E.2d 13).

The degree to which the mental state of the principal offense must be alleged when the inchoate offense of attempt has been charged was considered in *People v. Sanders* (1972), 7 Ill. App. 3d 848, 289 N.E.2d 110, where defendant was charged with attempt theft and the complaint alleged he "committed the offense of attempt in that he, with the intent to commit the offense of theft * * * attempted to obtain unauthorized control over thirty dresses and thirteen coats * * *." (7 Ill. App. 3d 848, 848-49, 289 N.E.2d 110, 111.) Defendant there, as in the instant case, argued that the failure of the indictment to charge an intent to permanently deprive the owner of the use and benefit of the property, as

required for the offense of theft, rendered the indictment fatally defective. The court held that the allegations of the indictment were sufficient and stated that the mental state need not be alleged in specific terms in an indictment for attempt.

Both complaints before us state that defendant "committed the offense of attempt in that he, with intent to commit the offense of theft, billed the complaining witnesses." These allegations of defendant's intent are virtually identical to those in *Sanders*, and we find that they sufficiently set forth the requisite mental state.

■■ Thus, having found above that the complaints adequately alleged both an intent to commit a specific offense of attempt and a substantial step toward commission of the offense of theft, we conclude that they comply with the stated requirements of section 111—3 by alleging the elements of attempt. Ill. Rev. Stat. 1975, ch. 38, par. 8—4; *Tiggs; Richardson; Sanders*.

■■ Defendant next contends that the two complaints were improperly joined in the same proceeding because the offenses were unrelated. We hold, however, that the issue of misjoinder was waived because no objection was made to the joinder nor was a motion made to sever the complaint (*People v. Turner* (1976), 36 Ill. App. 3d 77, 343 N.E.2d 267; *People v. Mowen* (1969), 109 Ill. App. 2d 62, 248 N.E.2d 685, *cert. denied* (1970), 397 U.S. 908, 25 L. Ed. 2d 89, 90 S. Ct. 905), and for the further reason that defendant did not raise the question in his motions for new trial (*People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856).

Thirdly, defendant contends that the trial court erred in allowing defendant to continue representing himself when it became apparent that he did not understand the charges against him.

■■ A defendant may waive his right to counsel after being properly admonished by the trial court (*People v. Nelson* (1971), 47 Ill. 2d 570, 268 N.E.2d 2) and personally defend himself without the assistance of counsel if such a waiver is knowingly and intelligently made (*Faretta v. California* (1975), 422 U.S. 806, 835, 45 L. Ed. 2d 562, 581, 95 S. Ct. 2525). From the point when a defendant waives his right to counsel and chooses to represent himself, he is responsible for conducting his own defense (*People v. Richardson* (1959), 17 Ill. 2d 253, 161 N.E.2d 268) and may not expect favored treatment even though the result may be that he is less effective as his own attorney (*People v. Murphy* (1972), 3 Ill. App. 3d 345, 277 N.E.2d 721; *People v. Martin* (1967), 84 Ill. App. 2d 117, 228 N.E.2d 557).

Before the trial commenced, the court sought to impress upon defendant the importance of an attorney and the disadvantage he would have in proceeding without one. Defendant, who owns and publishes

several newspapers, was not an unsophisticated defendant and he does not challenge the sufficiency of the admonition. Moreover, it is important to note that he does not argue unawareness of the nature of the charges against him; but, rather, that the court erred in allowing him to proceed unrepresented when it became obvious that he did not understand the elements of the offenses.

■■ From our examination of the record, it appears that defendant was fully informed of the nature of the charges against him. He had been served with copies of the complaints and, during the course of the State's case when he made inquiry as to the nature of the charges, the court required the state's attorney to read the complaints to defendant, and on two occasions the state's attorney read the elements of the offense of attempt to defendant. Also, several times during the trial, the court and the state's attorney explained to defendant that he was charged with billing the complaining witnesses for unauthorized advertisements.

A defendant who knowingly and voluntarily waives his right to counsel should not be heard to complain that reversible error resulted because he was not as knowledgeable as an attorney. If his pro se representation was less effective than if he had retained an attorney, it was attributable to his decision to forego the services of counsel.

Defendant also contends that the testimony of the five witnesses concerning similar offenses against him should have been excluded. We reject this contention for the following reasons:

■■ First, defendant failed to object to any of this testimony and thus has failed to preserve this issue. *People v. Murphy* (1977), 47 Ill. App. 3d 278, 361 N.E.2d 842; *People v. Stallcup* (1973), 10 Ill. App. 3d 153, 294 N.E.2d 21; *People v. Dickman* (1969), 117 Ill. App. 2d 436, 253 N.E.2d 546.

Second, generally to insure that an accused's guilt or innocence is determined solely with reference to the crime with which he is charged, evidence of another crime is not admissible (*People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *United States v. Fierson* (7th Cir. 1969), 419 F.2d 1020), except when such other crime is relevant to an issue of material fact in the case (such as the accused's motive, intent, knowledge, identity, modus operandi, or the absence of mistake), and the probative value of this evidence outweighs its prejudicial effect (*People v. Dorn* (1977), 46 Ill. App. 3d 820, 361 N.E.2d 353; *People v. Therriault* (1976), 42 Ill. App. 3d 876, 356 N.E.2d 999; McCormick, Evidence §190, at 447 (2d ed. 1972); Rules 401 and 404(b) of the Federal Rules of Evidence).

■■ In the instant case, this collective testimony of the witnesses was relevant because it was elicited to aid in establishing the absence of a mistake on the part of defendant in billing Laskowski and Novak. (*United States v. Fairchild* (7th Cir. 1975), 526 F.2d 185, *cert. denied* (1976), 425 U.S. 942, 48 L. Ed. 2d 186, 96 S. Ct. 1682.) While it is true that the

evidence could have been excluded had the trial court found that its prejudicial effect outweighed its probative value, such balancing is in the first instance left to the sound discretion of the trial judge and, in this case, we cannot say that he abused that discretion.

Defendant lastly contends "the 'wrong' in the Laskowski complaint was never proved." His entire argument in this regard is set forth in his brief as follows:

> "The Laskowski complaint charged the defendant with submitting 'a bill to the Complainant, Casimir Laskowski, for non-existent, and non-authorized advertising.'
>
> At trial, Casimir Laskowski examined People's Exhibit Number 5, a copy of defendant's newspaper, and testified that an ad for his funeral home appeared on page 16 of such Exhibit. The complainant by his own testimony disproved the allegation of non-existent advertising."

Thus, it appears to be his contention that because the State did not establish the ad was nonexistent, the offense charged was not proven. We disagree.

■■ One is guilty of the offense of attempt theft when he intends to commit the offense and takes a substantial step towards the commission of the theft. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4 and 16—1.) In the instant case, if the word "non-existent" were omitted from the complaint, the offense of attempt theft would still be properly charged. We are not persuaded by defendant's argument that the allegation "non-existent and unauthorized advertising" must be viewed as an indivisible unit constituting a material allegation of the complaint which must be proven. It appears to us that this situation is no different from others in which a complaint went on to allege unnecessary matter after properly charging all of the necessary elements of an offense. (*Cf. People v. Simpkins* (1971), 48 Ill. 2d 106, 268 N.E.2d 386; *People v. Adams* (1977), 45 Ill. App. 3d 334, 359 N.E.2d 840.) We believe the word "non-existent" is mere surplusage.

For the reasons stated, the judgment is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.