People of the State of Illinois, Defendant in Error, v.
Rose Sowrd, Plaintiff in Error.

Gen. No. 39,831.

Opinion filed May 3, 1938. Rehearing denied May 25, 1938.

ELLIS & WESTBROOKS, of Chicago, for plaintiff in error; RICHARD E. WESTBROOKS, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDW. E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Rose Sowrd, defendant, was tried in the municipal court on an information charging her with unlawfully possessing a habit forming drug, to wit, marijuana, in violation of par. 158, ch. 91, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 88.23(2)]. Defendant interposed a plea of not guilty, waived trial by jury and pursuant to a hearing by the court January 19, 1937, was found guilty and sentenced to the house of correction for one year and fined $1,000 and costs. January 20, 1937, pursuant to notice served on the State's attorney, defendant filed a petition in the municipal court seeking to vacate the judgment and sentence. The petition was set for hearing January 27, 1937, and on that date the State's attorney made a motion to dismiss the petition as defective. After several continu-

ances, the court, on March 2, 1937, overruled defendant's motion to vacate the judgment. This writ of error is prosecuted to reverse the order thus entered.

The information upon which defendant was tried charged that on to wit, the 18th day of January, 1937, in the city of Chicago, county of Cook and State of Illinois, Rose Sowrd, then and there, not being an apothecary, physician or dentist, unlawfully. had in her possession and under her control a certain habit forming drug, to wit, marijuana, without first having a written prescription therefor, in violation of par. 158, ch. 91, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 88.23(2)], contrary to the statute and against the peace and dignity of the people of the State. The evidence adduced upon the hearing disclosed that the officers who arrested her found a quantity of tobacco or weed, commonly known as marijuana, in her possession in the residence occupied by her.

It is first urged as ground for reversal that the information fails to charge any crime under the laws of the State of Illinois. It is argued that the law of 1931 was repealed in 1935, and that the legislature revised the entire law relating to habit forming drugs by enacting the statute entitled "An Act Defining and Relating to Narcotic Drugs and to Make Uniform the Law with Reference Thereto," and in so doing, by implication, omitted marijuana from the text of the statute. While it is true that the Mexican word "marijuana" is left out of the 1935 statute, the subject is covered in the definition given of "Cannabis," at par. 157, sec. 1 [Ill. State Bar Stats. 1935, ch. 91; Jones Ill. Stats. Ann. 88.23(1)] under definitions, subsec. 13, as follows:

" 'Cannabis' includes the following substances under whatever names they may be designated: (a) The dried flowering or fruiting tops of the pistillate plant Cannabis Sativa L., from which the resin has not been

extracted, (b) the resin extracted from such tops, and (c) every compound, manufacture, salt, derivative, mixture, or preparation of such resin, or of such tops from which the resin has not been extracted.'' Prior to the enactment of the 1935 law, the statute, under "Definitions,'' subsec. 12, included and defined ''marijuana'' as follows [Cahill's Ill. St. 1933, ch. 91, ¶ 135, § 2]:

'' 'Cannabis Indica,' 'marijuana,' 'loco weed' or 'Cannabis sativa' includes any compound, manufacture, salt, derivative or preparation thereof and any synthetic substitute of any of them identical in chemical composition.

'' 'Habit forming drugs' means cocoa leaves, opium, cannabis indica, cannabis sativa, marijuana, or loco weed.'' It therefore seems clear that although marijuana is not mentioned under that name in the 1935 statute, it is clearly included in the section hereinbefore quoted, under the provision that '' 'cannabis' includes the following substances under whatever names they may be designated:''

It is further urged that "the municipal court had no jurisdiction to sentence the defendant to the House of Correction, because the punishment provided by law is a sentence and commitment to the State Reformatory for Women, and the judgment is void.'' It was stipulated by the parties that defendant is a female person over the age of 21. Section 5, as amended, of "An Act to establish and provide for a State Reformatory for Women,'' approved June 30, 1927 (ch. 23, par. 251, sec. 5, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 118.09]), provides '' . . . Any woman of the age of eighteen years or over, convicted of a violation of any law, whose sentence or commitment is for one year or longer shall . . . be committed by the court in which the conviction is had to the State Reformatory for Women.'' Under this provision of

the statute the court should have sentenced defendant to the State Reformatory for Women instead of to the House of Correction, but that does not render the judgment void; the cause may be remanded with directions for the entry of a proper judgment. (*People v. Boer,* 262 Ill. 152.)

Defendant takes the further position, however, that the judgment is void because the State Reformatory for Women, at Dwight, Illinois, is a *penitentiary,* and the municipal court of Chicago has no jurisdiction to try upon information a female person charged with a criminal offense where the punishment fixed by law is for a term of imprisonment for one year or longer. It is argued that under sec. 8, art. 2 of the constitution an indictment was indispensable, and therefore a trial and conviction based upon an information is void. This same contention was made in the case of *People v. Hazard,* 356 Ill. 448, where counsel representing the defendant in this proceeding filed a petition on behalf of the defendant in that case for a writ of habeas corpus, to bring about the discharge of the relator who was a prisoner in the State Reformatory for Women at Dwight. She had been convicted in the municipal court *on an information* based on sec. 51a-1 of an act to revise the law in relation to criminal jurisprudence, approved March 27, 1874, as amended July 13, 1921, charging her with the crime of unlawful solicitation in a certain street in the city of Chicago. She was sentenced to the State Reformatory for Women, at Dwight, Illinois, pursuant to sec. 5, ch. 23, par. 251, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 118.09], as hereinbefore set forth. Counsel there argued that her conviction in the municipal court based upon an information was void, because an indictment was indispensable within the meaning of sec. 8, art. 2 of the constitution, which provides that no person shall be held to answer for a criminal offense unless upon an indictment of a grand jury, except in cases

in which the punishment is by fine and imprisonment otherwise than in the penitentiary. It was held, however, that the municipal court had power to sentence the relator to more than six months imprisonment, and was required under sec. 5 of the foregoing act, if the sentence was for six months or more, to commit her to the Illinois State Reformatory for Women, and "that it was proper to use an information since the offense was a misdemeanor." The opinion in *People v. Hazard, supra,* was filed in June, 1934. Since then, sec. 5 of the statute has been amended to read "one year" instead of "six months," and the commitment in the instant case is to be determined by the statute, as amended.

It is urged by defendant's counsel in their brief and also on oral argument that the decision in *People v. Hazard* is not conclusive against defendant, because, as they say, the court merely held that a petition for a writ of habeas corpus was not a proper proceeding by which to review and pass upon the complaint of the relator that she was sentenced to a penitentiary under a charge made by information, since this would amount to a review of the judgment of conviction and sentence in a habeas corpus proceeding. However, the principal question, as stated by the court in its opinion in the *Hazard case,* was "whether the judgment and sentence of the municipal court is void. If it is not, the writ should not be awarded and the relator should be remanded." This clearly indicates that the court had before it for determination the precise question that we are called upon to decide, namely, whether or not the judgment rendered in the instant case was *void* upon the ground stated, and the court answered that question by holding that it was proper to use an information to try an offense which is a misdemeanor and to sentence the relator after adjudication of her guilt to the State Reformatory for Women.

Defendant's counsel takes the further position that the State Reformatory for Women, at Dwight, being the only place for females convicted of felonies to be sentenced in execution of final judgment, constitutes that institution a *penitentiary,* and they argue that the legislature could never have intended that the State Reformatory at Dwight should be used as a place for the punishment of offenders guilty of both misdemeanors and felonies. They take the position that "the distinction between misdemeanor and felony is the place of punishment, and certainly it is not tenable to hold that the legislature intended that female misdemeanants should be sentenced to the same place for punishment as female felons." This contention raises the question whether the Reformatory for Women at Dwight is a penitentiary in the sense that only those who have been convicted of a felony may be committed there.

Chapter 23 of the statutes entitled "Charities," has to do with the reformation of numerous classes of persons. Chapter 108 on penitentiaries, par. 105, § 1, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 99.088], defines penitentiaries and includes therein the Illinois State Penitentiary at Joliet, the Southern Penitentiary at Chester, the Illinois State Reformatory at Pontiac and the Illinois Asylum for Insane Criminals at Chester, and provides that these shall be consolidated and known as "The Illinois State Penitentiary" and that the expression "Penitentiary System" shall be taken to mean the institution resulting from such consolidation. It would seem therefore reasonably clear that if the State Reformatory for Women was intended to be a part of this system it would have been named in the consolidation act. Moreover, the law provides that where a woman of the age of 18 years or over is convicted, and her sentence or commitment is for one year or longer, she shall be sentenced to imprisonment in the State Reformatory for Women, and

it also provides that any female person of the age of 16 or 17 years so convicted may be committed by the court to the reformatory at Dwight (Charities Act, ch. 23, par. 251, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 118.09]). This provision has been modified by par. 803, sec. 3, clause 2, p. 1213, ch. 38 [Jones Ill. Stats. Ann. 37.761] of the same statute, where it is provided that every female person over the age of 16 years adjudged guilty of any offense whose sentence or commitment is for six months or longer may be committed to the State Reformatory for Women. These statutory provisions indicate that the State Reformatory at Dwight was not considered by the lawmakers as a penitentiary, since they made provision for sending persons there for any offense for which the punishment is a year, and also persons under the age of 18 where the offense is punishable by imprisonment for more than six months. The offense here charged was a misdemeanor, and like other misdemeanors, such as keeping a disorderly house, false pretenses, carrying concealed weapons, petit larceny, and certain acts amounting to malicious mischief, is punishable by imprisonment for a year, but is not a penitentiary offense. Women convicted on any of these charges would under the statute be committed to the State Reformatory for Women, not withstanding the fact that the offense is not one punishable by penitentiary sentence under the statute. In creating the State Reformatory for Women at Dwight, the legislature was undoubtedly actuated by humane and social considerations. It was within its province to create such an institution, designated as a reformatory, to house all women convicted of crimes, for the purpose of dealing with them separately, and, by specifically excluding the reformatory from "The Illinois State Penitentiary System," it evidently intended that it should not be a penitentiary in the sense that only felons should be committed there.

As further ground for reversal of the judgment, it is argued that the part of the judgment which provides that the fine of $1,000 is to be paid or worked out is unauthorized; that there is no statute in the State of Illinois which permits an alternative sentence; and that in the absence of such statute the sentence imposed upon defendant is void for uncertainty. This contention is sufficiently answered by the provision contained in par. 192.23, sec. 23 (Penalties) ch. 38, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 88.23(23)], which provides that "Any person violating any provision of this act shall upon conviction be punished, for the first offense, by a fine not exceeding $1,000.00 or by imprisonment in the county jail for a term not exceeding one year, or by both such fine and imprisonment. . . ." This statute deals with cases where narcotic drugs or habit-forming drugs are the subject of the complaint, and it is apparent from the language of the statute that both the fine and imprisonment may be assessed by the municipal court.

Holding as we do that defendant should have been sentenced to the State Reformatory for Women at Dwight, Illinois, and not to the House of Correction, the judgment of the municipal court is reversed and the cause remanded with directions for the entry of a proper judgment. The provision for $1,000 fine is controlled by the decision in *People v. Stavrakas*, 335 Ill. 570, 581.

*Judgment reversed and cause remanded with directions.*

SCANLAN and SULLIVAN, JJ., concur.