THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LOUISE TYLER, Defendant-Appellee.

Fourth District   No. 13692

Opinion filed January 20, 1977.

C. Joseph Cavanagh, State's Attorney, of Springfield (Wayne Golomb, Assistant State's Attorney, of counsel), for the People.

Edward G. Maag, of Walker & Williams, P. C., of Belleville, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The State appeals from the pretrial order of the Sangamon County Circuit Court dismissing the information filed against defendant, Louise Tyler.

On October 29, 1973, a 16-count information was filed charging defendant with violations of section 13 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 452). The first 15 counts alleged that defendant, doing business as Louise's Dress Shop, " * * *committed the offense of FILING A FRAUDULENT RETAILERS' OCCUPATION TAX RETURN with the Department of Revenue of the State of Illinois * * * " for the months of February, 1972, through and including April, 1973. The last count alleged that defendant "* * *committed the offense of FAILING TO KEEP BOOKS AND RECORDS AS REQUIRED BY THE RETAILERS' OCCUPATION TAX ACT, for the year 1972 * * *." The information is cast in the language of the statute which provides:

"Any person engaged in the business of selling tangible personal property at retail in this State who fails to file a return, or to keep books and records as required herein, or who files a fraudulent return * * * is guilty of a misdemeanor * * *." Ill. Rev. Stat. 1971, ch. 120, par. 452.

On March 25, 1974, defendant moved to dismiss all the counts in the information alleging: that each count fails to state a cause of action; that counts 1 through 15 fail to allege any specific act or acts of the defendant which constitute the offense; that count 16 lacks the requisite degree of specificity to advise defendant of the nature and cause of the accusation, and that the information is vague and violates due process and does not give defendant sufficient information to prepare his defense, would not act as a bar against further prosecution and fails to allege with specificity the time, place, nature and elements of the offense.

On August 15, 1974, the State moved to amend counts 1 through 15 by adding the following phrase after the statutory citation alleged to have been violated "in that said LOUISE TYLER filed or caused to be filed a Fraudulent Relevant [sic] Occupational Tax Return with the Department of Revenue for the previously stated month."

After hearing arguments on September 4, 1974, the trial court granted defendant's motion to dismiss with leave for the State to amend. The State appealed to this court, said appeal being dismissed December 10, 1974, in a Rule 23 order (Supreme Court Rule 23, 58 Ill. 2d R. 23) on the ground that the September 4 order was not final and appealable.

At a February 26, 1976, hearing, the State chose to stand on the information as originally drafted. The trial court ruled again that the information was insufficient as a matter of law and issued a final order dismissing the information with prejudice.

■■ The State contends on appeal that the information against defendant complied with the requirements of section 8 of article I of the Illinois Constitution which provides in part:

"In criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation * * *." (Ill. Const. 1970, art. I, §8.)

The State cites *People v. Patrick* (1967), 38 Ill. 2d 255, 230 N.E.2d 843, and *People v. Harvey* (1973), 53 Ill. 2d 585, 294 N.E.2d 269, which support the general proposition that an indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone the defendant is apprised with reasonable certainty of the precise offense charged. In *People v. Aud* (1972), 52 Ill. 2d 368, 288 N.E.2d 453, however, it was held that where a statute uses general and generic terms defined in the offense,

it is not sufficient to charge the crime in the same general or generic terms used in the statutory definitions; the particular offense or acts which the accused is charged with having committed must be alleged.

An indictment or information must set forth the nature and elements of the crime charged with reasonable particularity so to meet the requirements of section 111-3(a) if the Code of Criminal Procedure which provides:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." (Ill. Rev. Stat. 1973, ch. 38, par. 111-3(a).)

Failure to meet these requirements will justify the determination that the indictment or information is fatally defective. *People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897, *cert. denied* 400 U.S. 825, 27 L. Ed. 2d 54, 91 S. Ct. 49; *People ex rel. Dorsey v. Morris* (1976), 37 Ill. App. 3d 632, 347 N.E.2d 175; Ill. Const. 1970, art. I, §8.

A charge phrased in terms of a statutory offense is valid if the language sufficiently particularizes the offense so that, by the language alone, an accused is apprised with reasonable certainty with what he is charged. (*Harvey; Patrick; People v. Tiggs* (1976), 38 Ill. App. 3d 72, 347 N.E.2d 389.) Due process demands that an " * * * indictment or information must apprise the defendant of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the judgment as a bar to future prosecution arising out of the same conduct. [Citations]." (*People v. Gilmore* (1976), 63 Ill. 2d 23, 28-29, 344 N.E.2d 456, 460; *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) The sufficiency of an information, however, " * * * is to be determined by the substance of the charge and not [by] the technicalities of its language." *People v. Mahle* (1974), 57 Ill. 2d 279, 283, 312 N.E.2d 267, 270.

In the case at bar, counts 1 through 15 were challenged by defendant before the trial court on the ground that she did not know the nature of the charge made against her. In the closely analogous case of *People v. Young* (1974), 19 Ill. App. 3d 455, 311 N.E.2d 609, the second count of an indictment charged that defendant " * * * knowingly and designedly, and with intent to defraud another person * * * pledged a false, fraudulent, and simulated certificate of ownership of shares and capital

stock of the corporation \* \* \*." In response to defendant's argument that the indictment failed to describe in what manner this certificate was false, fraudulent and/or simulated this court stated:

> "[T]o us the words 'false, fraudulent [and/or] simulated' are particularization enough—so that this charge, being in the language of the statute, is sufficient." 19 Ill. App. 3d 455, 458, 311 N.E.2d 609, 612.

■■ In like manner we find the statutory language of section 13 referring to the filing of a fraudulent return to be sufficient particularization to notify defendant of the nature and elements of the offense charged and that the information does not offend due process.

■■ If defendant in this case was desirous of further particulars, the request for a bill of particulars would be in order. Although a bill of particulars will not cure a void indictment or information (*Aud; People v. Blanchett* (1965), 33 Ill. 2d 527, 212 N.E.2d 97) a trial court may require the State's Attorney to furnish defendant with one if the indictment or information " \* \* \* fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense \* \* \*." (Section 111—6 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—6); see *People v. Davis* (1966), 73 Ill. App. 2d 386, 220 N.E.2d 75.) Following this procedure guarantees the defendant that he may obtain the particulars of the charges brought against him. See *People v. Petropoulos* (1965), 59 Ill. App. 2d 298, 208 N.E.2d 323, *affirmed,* 34 Ill. 2d 179, 214 N.E.2d 765.

■■ Counts 1 through 15, in the case at bar, describe the offense with sufficient particularity that any subsequent bringing of charges on the same facts as those relied on in the information would be barred on double jeopardy grounds. (See *Gilmore; Morris.*) The time when the information defined the limits of jeopardy has passed. A prior prosecution on the same facts may be proved by resort to the record. (*People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361.) All violations arising out of the same conduct are pertinent to and incorporated within the substance of the offense as charged. An acquittal on that charge bars any future prosecution for that conduct.

Count 16 of the information which alleged the failure to keep the required books and records is sufficient to precisely advise defendant of the nature and cause of the accusation against her. Section 7 of the Retailer's Occupation Tax Act explicitly described this requirement:

> "Every person engaged in the business of selling tangible personal property at retail in this State shall keep records and books of all sales of tangible personal property, together with invoices, bills of lading, sales records, copies of bills of sale, inventories prepared as of December 31, of each year or otherwise

annually as has been the custom in the specific trade and other pertinent papers and documents." Ill. Rev. Stat. 1971, ch. 120, par. 446.

This statutory language is sufficiently clear to fall within the well-established principle that an indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone the defendant is notified of the precise offense charged. *Aud; Grieco.*

■■ We, therefore, find that the information against defendant was sufficient at law. Accordingly, the judgment of the circuit court dismissing the information is reversed and cause remanded for further proceedings in accordance herewith.

Reversed and remanded with directions.

GREEN, P. J., and MILLS, J., concur.