THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DEBRA MORRIS, Defendant-Appellee.

Fourth District   No. 14062

Opinion filed October 7, 1977.—Rehearing denied November 7, 1977.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Although she was single and had only one child, Ms. Morris filed for public aid and listed *two* children on her application.

She was charged by an information which in substance stated:

> "The State's Attorney * * * charges that Debra Morris * * * committed the offence of public aid fraud in that she wilfully, unlawfully, and knowingly by false statement and wilful misrepresentation, obtained financial aid under the Public Aid

Code to which she was not entitled in violation of Section 11—21, Chapter 23, Illinois Revised Statutes (1973)."

The information was phrased in the language of section 11—21 of the Public Aid Code which in pertinent part provided:

"Any person who by means of any false statement, willful misrepresentation, * * * or through other fraudulent device obtains or attempts to obtain * * * financial aid under this Code to which he is not entitled, shall be guilty of a Class A misdemeanor." Ill. Rev. Stat. 1973, ch. 23, par. 11—21.

In a bench trial, the judge found her guilty of public aid fraud. After her conviction, however, defendant filed a motion in arrest of judgment, claiming the information did not set forth the offense with sufficient specificity. The motion was granted.

The sole issue on appeal is whether the information was sufficient to charge the defendant with public aid fraud. We find that it was not and we affirm.

■■ This court recently dealt with a similar issue in *People v. Tyler* (1977), 45 Ill. App. 3d 111, 359 N.E.2d 240. In that case an information charged the defendant with filing a fraudulent retailer's occupation tax return and with failing to keep required books and records. The charge was cast in terms of the statutory offense. After the trial court dismissed the information, the State appealed. We found the statutory language used in the charge "to be sufficient particularization to notify defendant of the nature and elements of the offense charged and that the information does not offend due process." 45 Ill. App. 3d 111, 115, 359 N.E.2d 240, 243.

Likewise, in *People v. Young* (1974), 19 Ill. App. 3d 455, 311 N.E.2d 609, we held the indictment alleging defendant delivered a forged stock certificate with the intent to defraud was sufficient, although it failed to specify how the certificate was a "forged document apparently capable of defrauding another". (19 Ill. App. 3d 455, 457, 311 N.E.2d 609, 611.) However, in the present case, the false statement or wilful misrepresentation itself was not identified.

An information phrased in the terminology of the statute is sufficient when the words of the statute particularize the crime in such manner that the defendant is apprised of the precise offense against him. (*People v. Harvey* (1973), 53 Ill. 2d 585, 294 N.E.2d 269.) The supreme court in *People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897, noted:

"[W]here the statute does not specifically define the crime, or does so only in general terms some act showing an alleged violation of the statute must be averred." (44 Ill. 2d 407, 410, 255 N.E.2d 897, 899.)

Because the instant statute does not specifically define the crime, the false statement must be alleged.

■■ ■ We do not hold, however, that the specificity necessary for charging perjury is required here. Since perjury is committed by using words which comprise both the offense and the means, further particularization of the alleged false statement is necessary. (*People v. Aud* (1972), 52 Ill. 2d 368, 288 N.E.2d 453.) But here the defendant was not charged with perjury. Rather, the information charged the defendant with obtaining financial aid to which she was not entitled by a false statement and wilful misrepresentation. The offense is public aid fraud and the means is by false statement and wilful misrepresentation. Although it was not necessary to set forth the nature of the falsity, the false statement itself should have been identified.

The judgment of the circuit court dismissing the information is affirmed.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.