THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RUSSELL LEE, Defendant-Appellee.

Second District   No. 76-218

Opinion filed February 23, 1978.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith,
Assistant State's Attorney, and Phyllis J. Perko and Stephen M. Deitsch, both of
Illinois State Attorney's Association, of counsel), for the People.

Joseph M. Laraia, of Laraia, Solano, Berns & Killander, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

In September 1975 the grand jury of Du Page County returned two indictments against defendant, Russell Lee, the first charging him with two counts of bribery and one count of official misconduct and the second charging him with one count each of bribery and official misconduct. On defendant's motions the trial court dismissed both indictments on the ground that they did not sufficiently state the nature and cause of the offenses sought to be charged and were too indefinite and uncertain as to the times and places of such offenses. The two causes have been consolidated for purposes of this appeal which the State brings from the orders of dismissal.

Count I of the first indictment, returned September 19, 1975, charges in pertinent part that:

"* * * from on or about the 1st day of January, A.D., 1973, to on or about the 30th day of April, A.D., 1973, at and within Du Page County, Illinois, RUSSELL LEE committed the offense of BRIBERY in that he did retain an amount of United States Currency received from CRAIG A. BRAUN which he is not authorized by law to accept, knowing that said money was tendered with the intent to influence the performance of an act related to the employment of RUSSELL LEE, a police officer and public employee, being the placement of CRAIG A. BRAUN'S name on the DuPage County Sheriff's Office towing list, in violation of Illinois Revised Statutes, 1973, Chapter 38, Section 33—1(d), * * *."

Count III of this indictment also charges defendant with the offense of bribery, using substantially the same language, except that the offense allegedly occurred from on or about January 1, 1973, to on or about December 31, 1974, and the specific act alleged was "the granting of DuPage County Sheriff's Office towing business to CRAIG A. BRAUN." Finally, count II of this indictment charges in pertinent part that:

"* * * from on or about the 1st day of January, A.D., 1973, to on or about the 30th day of April, A.D., 1973, at and within Du Page County, Illinois, RUSSELL LEE committed the offense of OFFICIAL MISCONDUCT in that RUSSELL LEE, a public employee acting in his official capacity knowingly accepted a fee from CRAIG A. BRAUN for the performance of an act which he knows is not authorized by law in that he did retain an amount of United States Currency received from CRAIG A. BRAUN which

he is not authorized by law to accept, knowing that said money was tendered with the intent to influence the performance of an act related to the employment of RUSSELL LEE, a police officer and public employee, being the placement of CRAIG A. BRAUN'S name on the Du Page County Sheriff's Office towing list, in violation of Illinois Revised Statutes, 1973, Chapter 38, Section 33—3(d) * * *."

The second indictment, returned September 25, 1975, charges defendant in count I with having committed the offense of bribery in substantially the same language as the bribery counts in the first indictment except that the offense allegedly occurred on or about January 1, 1973, to on or about August 1, 1975, the person defendant allegedly retained the money from was Robert A. Qualkenbush, and the act involved was "the granting of DuPage County Sheriff's Office towing business" to Qualkenbush. Count II of this second indictment charged defendant with the offense of official misconduct in terms similar to that charged in the first indictment except that the date was stated as from on or about January 1, 1973, to on or about August 1, 1975, the person defendant allegedly retained the fee from was Qualkenbush, and the act involved was "the granting of DuPage County Sheriff's Office towing business" to Qualkenbush.

Before moving to dismiss the indictments as insufficient and indefinite, defendant sought further, more specific, information regarding the charges by both a discovery motion and a demand for a bill of particulars. The State responded by furnishing to defendant all investigative reports of this matter together with transcripts of the testimony before the grand jury of Craig A. Braun and Robert A. Qualkenbush, the persons named in the indictments as having given money as bribes to defendant. The transcripts reflected thorough examinations of these witnesses in which the specific times and places when sums of money allegedly given by them to defendant were sought to be ascertained. It would appear that there was a continuing relationship between each witness and defendant during the time intervals alleged in the indictments during which it was stated they met at various places within Du Page County for financial transactions. The testimony of these witnesses before the grand jury, as reflected in the transcripts provided to defendant, was not specific as to exact locations or dates of each such meeting but generally did demonstrate a claim of an ongoing relationship between these parties for these purposes. In its bills of particulars, the State referred to the transcripts of the testimony of the witnesses, which we have described, stating it was unable to provide any particulars more definite and certain as to the specific times and places of the alleged offense charged in each

count of the indictments than that shown by the transcripts. The State thus tendered to defendant the transcripts as its bills of particulars in this case.

The trial court seemed to be of the opinion that the State had furnished defendant all the particulars available to it regarding the specific dates and times of the various transactions claimed by the witnesses to have occurred, but because that still left the indictments too indefinite and uncertain, they must be dismissed and it did so.

The State contends on appeal that the indictments do sufficiently set forth the nature and elements as well as the date and county of the offense charged in each count, as is required by law, while defendant contends, first, that they are too indefinite as to when the alleged offenses occurred and, secondly, that they are vague and uncertain as to the number of offenses alleged by each count to have been committed.

In approaching the issues raised in this case we will first note that there is no relationship between the legal sufficiency of an indictment and a bill of particulars supplementing the allegations of an indictment to aid defendant in better understanding the charge he must defend against. The purpose of a bill of particulars "is to provide more specificity of detail to supplement a sufficient indictment so as to enable an accused better to understand the nature of the charge against him or better to prepare his defense" (*People v. Patrick* (1967), 38 Ill. 2d 255, 260, 230 N.E.2d 843, 846) and not to cure a void indictment (*People v. Tyler* (1977), 45 Ill. App. 3d 111, 115, 359 N.E.2d 240, 243). The bill of particulars cannot supply deficiencies in the allegations of an indictment which must stand on its own terms. We will consider the indictments here in this light.

■■ It is well established that due process requires that an indictment or information must apprise the defendant of the nature and cause of the offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the judgment as a bar to future prosecution arising out of the same conduct. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456; *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437; *People v. Tyler* (1977), 45 Ill. App. 3d 111, 359 N.E.2d 240.) Accordingly, section 111—3 of the Code of Criminal Procedure of 1963 states, in part, that "(a) A charge shall be in writing and allege the commission of an offense by: * * * (3) Setting forth the nature and elements of the offense charged; * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 111—3.) Section 114—1 relates to section 111—3 by providing that "(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds: * * *(8)

The charge does not state an offense; * * *." Ill. Rev. Stat. 1973, ch. 38, par. 114—1.

■■  Section 33—1 of the Criminal Code of 1961 provides, in part, that "[a] person commits bribery when: * * * (d) He * * * retains * * * any property * * * which he is not authorized by law to accept knowing that such property * * * was * * * tendered with intent to cause him to influence the performance of any act related to the employment * * * of any public officer [or] public employee * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 33—1.) Section 33—3 of the Code provides, in part, that "[a] public officer or employee commits misconduct when, in his official capacity, he * * * (d) * * * knowingly accepts for the performance of any act a fee * * * which he knows is not authorized by law." Ill. Rev. Stat. 1973, ch. 38, par. 33—3.

It is apparent that the present indictments are framed substantially in the language of these statutes. The bribery counts set out above charge that defendant "committed the offense of BRIBERY in that he did retain [property] which he is not authorized by law to accept, knowing that [such property] was tendered with the intent to influence the performance of an act related to the employment of * * * a police officer and public employee * * *." The official misconduct charges state that defendant "committed the offense of OFFICIAL MISCONDUCT in that * * * a public employee acting in his official capacity knowingly accepted a fee * * * for the performance of an act which he knows is not authorized by law * * *." In addition to being framed in the language of the statute, each count of the indictments specifically sets forth certain particulars of the charge involved. The three bribery counts particularly charge defendant with retaining United States currency received from two named individuals in Du Page County at times within the applicable statute of limitations period (see Ill. Rev. Stat. 1973, ch. 38, par. 3—5) for the purposes of placing each of their names on the sheriff's office towing list and granting sheriff's office towing business to them. The two official misconduct counts particularly charge defendant with accepting United States currency from two named individuals in Du Page County, at a time within the statute of limitations, for the performance of the acts of placing one individual's name on the sheriff's office towing list and the granting of sheriff's office towing business to the other individual. We believe each of these counts advised defendant with reasonable certainty of the precise offenses charged, including their essential elements, and adequately notified him of the nature and elements of the offense charged in each count.

Defendant further argues that the charges in each count of the indictments fail to specify sufficiently the times when the alleged crimes

were committed. The premise of his argument is that each count charges that the crime was committed between two dates, the intervals ranging from 4 months to 31 months, instead of alleging its commission on a date certain. We find this argument to be without merit.

■■ In addition to providing that an indictment set forth the nature and elements of the offense charged, section 111—3 states that it shall "allege the commission of an offense by: * * * (4) Stating the date and county of the offense as definitely as can be done * * *." In *People v. Patrick* (1967), 38 Ill. 2d 255, 230 N.E.2d 843, the court was faced with substantially the same argument defendant has advanced here. There the offense of theft (Ill. Rev. Stat. 1963, ch. 38, par. 16—1) was alleged to have been committed between two dates which were more than two years apart. In response to defendant's argument that the indictment was insufficient to inform her of the nature and cause of the accusations against her because it failed to specify sufficiently when the alleged crime was committed the court stated:

> "The contention is untenable. In *People v. Blanchett*, 33 Ill. 2d 527, this court held that the elements of time and place in an indictment or information are 'subsidiary matters' which are separate and distinct from the substantive matter of stating the nature and elements of the offense charged. This court concluded that the sufficiency of an indictment or information may not be determined by whether the charge stated as definitely as could be done the time and place of an alleged offense. (See also *People v. Schmidt*, 10 Ill. 2d 221; *People v. Griffin*, 36 Ill. 2d 430.) The indictment here fixed the crime alleged at a time before the return of the indictment and within the applicable statute of limitations period. This was sufficient. (See *People v. Day*, 404 Ill. 268; *People v. Taylor*, 391 Ill. 11.)"

We find that reasoning to be controlling here. In the present indictments each count fixes the date of the crime alleged by it at a time before the return of the indictment and within the applicable statute of limitations period and this is sufficient to permit these indictments to withstand defendant's motions to dismiss on this ground.

Defendant further contends, however, that in light of the grand jury testimony of Braun and Qualkenbush, which has been designated here as a bill of particulars, that the various counts of the indictments are vague as to the number of offenses which they charge. This argument is based on those witnesses' testimony that each of them separately carried on an ongoing relationship with defendant during which they made money payments to him from time to time to secure towing business from the sheriff's office. Defendant asserts the indictments must be more specific as to the time of the alleged offenses so he can determine whether one or

several crimes are alleged in each count and, if only one, then which particular transaction referred to in the transcripts is the subject of the indictment.

As we earlier discussed, the indictments are sufficient in that they did set forth the nature and elements of the offenses charged and did specify the time of the offenses (albeit within a bracket of months) at a time prior to the return of the indictment and within the applicable statute of limitations. By alleging the time of an offense as within a bracket rather than on a particular date, the State apparently is following the concept approved in *People v. Patrick* (1967), 38 Ill. 2d 255, 230 N.E.2d 843. There the offense charged was a single felony theft based upon taking "unauthorized control" by defendant of her employer's money between dates approximately two years apart. Defendant argued, as does defendant here, it was not sufficiently clear whether the indictment charged one or more offenses, on the theory that it may have been directed to a series of successive takings over the interval alleged. The court held the pleading was not duplicitous as it alleged defendant committed the offense of "theft" and, by the same token, not vague as to the number of offenses alleged to have been committed within the bracketed dates, that clearly and necessarily being but one offense.

■■ We believe the State may be alleging a similar course of conduct in the instant case resulting in a charge of a single bribery or official misconduct offense in these counts as between defendant and Braun and Qualkenbush, respectively, although allegedly carried out through a series of money payments. We see no disadvantage to defendant by such construction as, in any event, had the indictments simply alleged that the criminal conduct occurred on a day certain, within the statute of limitations and prior to the return of the indictment, then all other similar transactions between the parties connected with that conduct would still be admissible in support of the charge to prove knowledge, intent, motive, scheme, design or course of conduct. (*People v. Tranowski* (1960), 20 Ill. 2d 11, 16, 169 N.E.2d 347, 349; *People v. Spencer* (1972), 7 Ill. App. 3d 1017, 1021, 288 N.E.2d 612, 615; *People v. Halpin* (1916), 276 Ill. 363, 370-71, 114 N.E. 932, 934-35 (involving bribery); see Annot., 20 A.L.R.2d 1012 (1951).) It is equally apparent the State could have chosen to bring a separate count or indictment for each alleged payment made to defendant within the various time brackets charging each as a separate offense. It has, instead, apparently elected to charge the course of conduct, testified to before the grand jury as having occurred during the time periods alleged, as a single offense as these indictments charge. This might work to the advantage of defendant in that once put in jeopardy for a particular bribery or official misconduct transaction within any of the time periods, the State will thereafter be barred from prosecuting

defendant further for similar conduct within that same time bracket.

The orders of the Circuit Court of Du Page County dismissing the indictments are reversed and these causes are remanded with directions they be reinstated.

Reversed.

SEIDENFELD, P. J., and BOYLE, J., concur.