THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST HAYES, a/k/a Ernest Craig, Defendant-Appellant.

Second District   No. 78-133

Opinion filed August 30, 1979.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant, Ernest Hayes, a/k/a Ernest Craig, was convicted of the offense of reckless conduct (Ill. Rev. Stat. 1977, ch. 38, par. 12—5), and was sentenced to 9 months in the Illinois Department of Corrections. He appeals, contending that the complaint against him was fatally defective. The complaint alleged that on July 14, 1977, defendant,

"* * * committed the offense of Reckless Conduct, in that he performed recklessly certain acts which caused bodily harm to or endangered the bodily safety of Larry Christman, in violation of Paragraph 12—5 of Chapter 38, Ill. Rev. Stat."

This language mirrors the language of section 12—5, the reckless-conduct statute.

During the direct examination of Christman, who was the first witness called by the State, defense counsel moved to dismiss the complaint because it did not set forth the specific nature of the offense with which defendant was charged. The court denied this motion and also denied defendant's post-trial motions which raised the same issue.

Christman, the alleged victim, testified at trial that he and the defendant exchanged hostile remarks at the bar in the Night and Day Disco after which the defendant slapped him. Christman then followed Hayes to the door and slapped the defendant. According to Christman, the defendant returned a few minutes later with two other people and, while standing near the door, took a shot into the disco with a handgun and then ran away. Christman indicated that, "as far as I was concerned it [the gun] was pointed at me because I was the party that he had the conflict with." Called as a witness on his own behalf, defendant admitted that he had "smacked" Christman, but claimed that the latter had repeatedly provoked him by attempting to force sexual contacts on him. Defendant denied, however, that he had fired the handgun and claimed that the shot was fired by a third party, one Robert Saxon.

Defendant argues that the complaint is deficient in two respects. First, he complains of the disjunctive language referring to the causing of bodily harm to or endangering the bodily safety of the victim. Second, he contends that the reckless act complained of should have been more specifically described. The People maintain that the complaint was adequate, noting that the complaint charges the offense in the statutory language and that such an instrument is valid if it gives the accused sufficient notice to prepare a defense and can stand as a bar to future jeopardy for the same conduct. *People v. Schwartz* (1976), 64 Ill. 2d 275, 356 N.E.2d 8.

■■ ■ Defendant contends that the use of the disjunctive "or" in the instant

complaint causes the complaint to be defective because it charges defendant with two types of acts, either of which might constitute reckless conduct. In support of this contention defendant relies on *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340, which held that a charge phrase in the disjunctive was deficient where it followed the statute which named disparate and alternative acts, any of which would constitute the offense. It has been recognized, however, that a charge using the word "or" is not always deficient, as in a situation where the words thus linked are intimately associated with one another, *e.g.,* " 'possessed or had under their control' marihuana." (*People v. Rosenfeld* (1962), 25 Ill. 2d 473, 475, 185 N.E.2d 236.) As stated in *People v. Glass* (1976), 41 Ill. App. 3d 43, 353 N.E.2d 214, use of the word "or" in a complaint is not a fatal defect unless it renders the statement of the offense uncertain. We believe that the complaint in the instant case, alleging that defendant "performed recklessly certain acts which caused bodily harm to or endangered the bodily safety of Larry Christman" is not rendered improper because of the use of the disjunctive. While the words "caused bodily harm to" or "endangered the bodily safety of" could conceivable refer to two acts, a more reasonable interpretation is that the two phrases are a variant of the common linking of a complete with an inchoate crime and are, therefore, sufficiently associated to make the use of the disjunctive "or" permissible.

■■ ■ Generally, specificity is required in an indictment to apprise defendant with reasonable certainty of the offense in order to facilitate competent defense preparation and to permit defendant to plead a judgment as a bar to a future prosecution for the same offense. When the sufficiency of a charging document is attacked at trial, as here, the proper standard of review is whether the document sets forth the nature and elements of the offense charged in accordance with section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3)). (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.) Such a charging document which adopts the language of the statute is sufficient if the words of the statute particularize the offense so that an accused is apprised with reasonable certainty of the precise offense with which he is charged. The determination of whether these standards have been met is accomplished by reference to the plain and ordinary meaning of the words of the charging instrument as read and interpreted by a reasonable person. *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244.

■■ At issue is whether the language of the reckless conduct statute used in the complaint herein adequately particularized the offense defendant was charged with. We hold that it did not, and therefore reverse.

Our courts have considered a number of other statutes in the context of whether their language alone can create a proper criminal charge. The various decisions on these statutes have recognized the distinction

between those which prohibit specific behavior and those which are phrased in more general terms, and have ruled that where conduct giving rise to a charge is not described in particularity within the statute, or where statutory language may encompass conduct not intended to be punished under the statute, a complaint charged solely in the language of the statute is insufficient and will not support a judgment of conviction. *People v. Leach* (1972), 3 Ill. App. 3d 389, 279 N.E.2d 450 (resisting or obstructing a police officer). See also *People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278; *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158 (reckless driving).

The reckless conduct statute is nonspecific; it was intended to encompass a broad range of both lawful and unlawful conduct which, if done in a reckless manner, could endanger the safety of others. As the official committee comments state:

"The offense may be committed 'by any means,' including but not limited to the reckless handling of motor vehicles or other deadly weapons. The penalty permits flexibility so as to fit the punishment to the seriousness of the offense." (Ill. Ann. Stat., ch. 38, par. 12—5, Committee Comments, at 573 (Smith-Hurd 1979).)

Thus, the reckless conduct statute, like the reckless driving statute in *Green* and *Griffin*, is so general that the charging instrument must provide more specific details of the alleged criminal conduct than those contained in the statute itself.

Although the State replies that the complaint's lack of specificity could have been cured by a motion for a bill of particulars, it is well settled that a bill of particulars cannot cure a fatal defective charging document. (*People v. Lee* (1978), 57 Ill. App. 3d 927, 373 N.E.2d 744.) Indeed, implicit in *Griffin* was that failure to allege the act constituting defendant's reckless driving was a type of deficiency which a bill of particulars could not cure.

For the foregoing reasons defendant's conviction is hereby reversed.

Reversed.

RECHENMACHER and NASH, JJ., concur.