THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID B. LEWIS, Defendant-Appellant.

Fifth District    No. 79-6

Opinion filed August 31, 1979.

Donald E. Groshong, of Groshong and Moorman, Ltd., of East Alton, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, David B. Lewis, appeals from a judgment of the circuit court of Madison County entered on a jury verdict finding him guilty of unlawful possession of cannabis with intent to deliver.

Defendant contends (1) that the trial court improperly instructed the jury that unlawful possession of cannabis with intent to deliver was a lesser-included offense of unlawful delivery of cannabis, and (2) that the prosecutor failed to allege the weight of the subject cannabis and the trial court failed to submit the issue of weight to the jury.

At trial the State's evidence established the following facts. On May 26, 1978, defendant drove a van containing a substantial amount of Cannabis sativa to a prearranged rendezvous in Madison County with two prospective purchasers. The purchasers were undercover police officers. One of the officers entered defendant's van and inspected the cannabis and then left the van. His companion handed defendant one dollar in United States currency, identified himself as a police officer, and informed defendant that he was under arrest. Possession of the cannabis was not transferred from defendant to the police until after defendant was arrested.

On May 26, 1978, an information was filed charging defendant with unlawful delivery of cannabis in the following terms:

"Nicholas G. Byron, State's Attorney in and for the County of Madison, State of Illinois, in the name and by the authority of the People of the State of Illinois, charges that DAVID B. LEWIS on the 26th day of May, 1978 at and in the County of Madison, in the State of Illinois, committed the offense of UNLAWFUL DE-LIVERY OF CANNABIS in that said defendant knowingly and unlawfully delivered to Ken Dye, more than 500 grams of a substance containing Cannabis, otherwise than as authorized in the Cannabis Control Act in violation of Paragraph 705(e), Chapter 56½, Illinois Revised Statutes and against the peace and dignity of the said People of the State of Illinois."

Defendant filed a motion for a bill of particulars on June 13, 1978, and reasserted the motion on September 1, 1978. On October 24, 1978, the motion was denied.

After the presentation of the State's case, the defendant made a motion for a directed verdict on the basis that the State had failed to prove that any delivery of the cannabis had taken place. The court denied the motion on the ground that possession with intent to deliver was a lesser-included offense of the crime charged. The defendant rested without making an opening statement or presenting evidence, and renewed his motion for a directed verdict. This second motion was also denied.

Over the defendant's objection, the jury was instructed on both the offense of unlawful delivery of cannabis and the offense of unlawful possession of cannabis, and guilty verdicts were returned as to both offenses. The verdict forms made no mention of the weight of the cannabis in question, and did not require the jury to determine weight in reaching a verdict. Defendant argued persistently both that a directed verdict of not guilty was required and that possession with intent to deliver was not a lesser-included offense of unlawful delivery. He made

no objection to the proposed instructions on the basis that the issue of weight was not presented.

Defendant filed a motion for a new trial and in arrest of judgment. The court set aside the verdict finding defendant guilty of unlawful delivery, but allowed the conviction for unlawful possession with intent to deliver to stand. Defendant appeals from the latter conviction. The State has prosecuted no cross-appeal from the trial court's ruling on the unlawful delivery verdict.

■■ The information charged appellant with a violation of section 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 705(e)), which reads as follows:

> "It is unlawful for any person knowingly to manufacture, deliver, *or* possess with intent to deliver, or manufacture, cannabis. Any person who violates this with respect to:
>
> \* \* \*
>
> (e) more than 500 grams of any substance containing cannabis is guilty of a Class 2 felony." (Emphasis added.)

Clearly, the statute is worded in the disjunctive, so the crime of delivery and the crime of possession with intent to deliver cannabis are two separate offenses. The Illinois Supreme Court has recognized that the disjunctive conjunction "or" is to be afforded its usual and customary meaning when construing a statute, and has held that "[a]s used in its ordinary sense, the word 'or' marks an alternative indicating that the various members of the sentence which it connects are to be taken separately. [Citations.]" *People v. Vraniak* (1955), 5 Ill. 2d 384, 389-90, 125 N.E.2d 513, *cert. denied* (1955), 349 U.S. 963, 99 L. Ed. 1285, 75 S. Ct. 895; *accord, Stroh v. Blackhawk Holding Corporation* (1971), 48 Ill. 2d 471, 477-78, 272 N.E.2d 1.

■■ Courts are bound by the clear wording and intent of statutes in enforcing their provisions unless such a reading contravenes the express purpose of the General Assembly. (*People v. Beam* (1979), 74 Ill. 2d 240, 384 N.E.2d 1315; *People v. McCoy* (1976), 63 Ill. 2d 40, 344 N.E.2d 436.) The obvious intent of the legislature here was to create separate and distinct offenses with respect to delivery of and possession with the intent to deliver cannabis. Therefore, in order for appellant to be convicted of the offense of possession with intent to deliver cannabis, it is first necessary that he be charged with that particular statutory offense. Since appellant was not so charged, it was error for the trial court to instruct regarding it.

■ Moreover, appellant was denied due process of the law in being required to defend himself against a crime with which he was not specifically charged. (Ill. Const. 1970, art. I, §§2, 8; *People v. Lee* (1978), 57

Ill. App. 3d 927, 930, 373 N.E.2d 744; *People v. Tyler* (1977), 45 Ill. App. 3d 111, 113-14, 359 N.E.2d 240.) The Illinois Constitution mandates that "no person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." (Ill. Const. 1970, art. I, §7.) This requirement has been construed in conjunction with section 111—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—2(a)), permitting prosecution of felonies by information, as allowing prosecution by either information or indictment. (*People v. Olson* (1978), 60 Ill. App. 3d 535, 542-43, 377 N.E.2d 371.) However, where the information contains insufficient allegations of the crime charged, the conviction will be reversed. (*People v. Sowrd* (1938), 295 Ill. App. 314, 14 N.E.2d 957, *rev'd* (1938), 370 Ill. 140, 143-44, 18 N.E.2d 176.) And by statute, the State is required to set forth the name of the offense, the statute allegedly violated, the nature and elements of the offense charged, the date and county where the offense was allegedly committed and the name of the accused. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a).) Not only was the crime of possession with intent to deliver cannabis insufficiently alleged in this case; it was not charged at all. Appellant was not put on notice of this charge and he, therefore, could not prepare his defense. Such constitutional and statutory violations cannot be sustained.

In view of our resolution of this question, it is unnecessary to consider other allegations of error, and therefore we reverse the judgment of the circuit court of Madison County.

Judgment reversed.

JONES, P. J., and KARNS, J., concur.