THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BENNY BRIDGES (Impleaded), Defendant-Appellant.

First District (2nd Division)   No. 82—3087

Opinion filed September 18, 1984.

Steven Clark and Scott Graham, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jeanette Sublett, and William G. Lacy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

Following a bench trial, defendant was convicted of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2), unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 10—3), aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4), burglary (Ill. Rev. Stat. 1970, ch. 38, par. 19—1) and robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—1). Defendant appeals, but he does not contest his convictions for burglary and robbery.

Defendant was tried jointly with codefendant William Link (whose case is not before us). Andrew Bullen testified for the State: On September 29, 1981, he was a student at the University of Chicago, living in an apartment at 5341 South Kimbark, Chicago, with John Egan. During the early morning on that day, Bullen awoke when he felt a pillow being held over his face. He then saw Egan thrown on his bed. When Bullen tried to free himself, he felt an "intense pain" in his head near his left eye. He heard glass shatter and felt blood on his head. He heard codefendant Link say, "Don't move or I will kill you." Two men began to ransack the room. Link then picked up a bayonet belonging to Bullen and pressed it against Bullen and then Egan. Link threatened to "poke" Bullen.

After a few minutes, the two victims were tied together and the two assailants left. Bullen testified that a stereo, money, some watches and the bayonet were missing from the apartment. He identified defendants as the two men who robbed him.

John Egan testified: On the date in question, he also awoke with a pillow pushed over his head. He felt a hard object pressing into his back. He was told not to move or he would be killed. His room had been ransacked. He was blindfolded and taken into Bullen's room and pushed on top of Bullen.

Chicago police officer Thomas Zapolisky testified to the defendants' arrest, which occurred within several hours after the crime near the crime scene.

Assistant State's Attorney John Cooney testified to his interrogation of defendant Bridges during which defendant admitted that he and Link had planned and carried out the burglary.

Defendant alone testified in his behalf. He stated that Link had previously lived in the apartment then inhabited by the victims, and Bridges went along with Link's suggestion to return to the apartment and retrieve some of Link's possessions. Bridges admitted that upon arriving at the apartment, he and Link tied up the victims and took various pieces of property. Link smashed a bottle on the head of one of the victims. Bridges, however, denied using or seeing anyone use a

bayonet.

The court found defendant guilty as aforesaid, from which defendant appeals.

Defendant first contends that the court should have found him guilty only of robbery, not of armed robbery, because "there was no evidence that a dangerous weapon was used." Defendant contends that victim John Egan denied seeing or hearing anything with reference to a bayonet. Defendant contends that this variance in evidence raises a reasonable doubt as to the defendant's use of a weapon and therefore requests that his conviction for armed robbery be reversed.

■■ In our opinion, defendant's contention must be rejected. The court's specific finding that a bayonet was used as a dangerous weapon is supported by Bullen's testimony. Because Egan testified that he was blindfolded during the incident, we do not believe his failure to observe the bayonet supports defendant's position. It is the duty of the trial court to determine the credibility of witnesses and to weigh the evidence. (*People v. Chapman* (1981), 94 Ill. App. 3d 602, 418 N.E.2d 995.) The court's decision here is supported by the evidence and therefore must be upheld.

■■ Defendant next contends that the count of the information charging him with the armed robbery of Bullen "was defective where it failed to specify the weapon allegedly used." Defendant contends he was prejudiced not only because the information failed to specify the weapon used but because defendant "was led to believe" that a bottle, and not a bayonet, was the alleged dangerous weapon. Defendant notes that the complaint for a preliminary examination on the aggravated battery charge alleged that the charge was based on the use of a bottle; that the complaint for preliminary examination against Link as to the armed robbery alleged the use of a bottle; that the only mention of a weapon in the police reports refers to a broken bottle and the State's discovery answer lists a "broken bottle," but not a bayonet. Further, during opening statements, the State mentioned that the armed robbery was committed with a broken bottle and did not refer to a bayonet.

While defendant concedes that the specific weapon allegedly used is "not normally a material element of the charge," here defendant alleges he was misled as to this element of the armed robbery charge and, therefore, he was not afforded the opportunity to properly defend himself. He argues that at trial he only contested the two Class X charges (home invasion and armed robbery) and that he was successful to the extent that the court found him not guilty of home invasion and specifically found that the broken bottle would not suffice as

a deadly weapon for purposes of the armed robbery. Defendant argues that under these circumstances, the information was void, and his conviction for armed robbery based on the use of a bayonet violated his due process.

In our opinion, defendant's argument cannot be sustained. When, as here, a defendant files a motion for arrest of judgment on the ground that the charging instrument fails to specify the elements of the charge, it is sufficient that the charging instrument "give notice of the elements of a charge and particularize it sufficiently with allegations of the essential facts to enable the accused to prepare a defense which, if successful, would bar further prosecutions for the same offense." (*People v. Smith* (1984), 99 Ill. 2d 467, 471, 459 N.E.2d 1357.) We believe defendant's argument that the information charging armed robbery is insufficient because it did not specify the weapon allegedly used is incorrect. Illinois law does not require the State to specify the weapon in the information. (*People v. Catlett* (1974), 20 Ill. App. 3d 832, 314 N.E.2d 346; *People v. Thompson* (1974), 18 Ill. App. 3d 613, 310 N.E.2d 504.) Nor do we believe that the other circumstances occurring below can be determined to have caused defendant to have been "misled" as to the dangerous weapon used; if defendant required more specificity, his recourse was to move for a bill of particulars. See *People v. Lee* (1978), 57 Ill. App. 3d 927, 373 N.E.2d 744.

■ Defendant's next contention is that his convictions for unlawful restraint and aggravated battery must be vacated because they were allegedly based on the same act as those underlying his convictions for robbery and armed robbery. Without citation to authority, defendant concludes that here only three criminal acts occurred: "the entry (burglary), the taking of property from Egan (robbery) and the taking of property from Bullen (armed robbery)." According to defendant the other two crimes, unlawful restraint and aggravated battery, were "incidental" to the robberies.

The State responds that defendant has waived this argument by failing to raise it below. Even if we consider it, the State maintains that the evidence shows that the two crimes challenged are neither lesser included offenses of the other convictions nor based on the same physical acts as the other crimes. According to the State, the unlawful restraint occurred when the victims were tied up, and the aggravated battery occurred when Link struck Bullen with the bottle.

In our opinion, defendant's contention must be rejected. The defendant suffers prejudice only when more than one conviction is carved from a single physical act. (*People v. King* (1977), 66 Ill. 2d

551, 363 N.E.2d 838.) Here defendant has been convicted of offenses arising from separate physical acts and composed of different elements. The convictions were proper.

■ The final contentions raised relate to defendant's sentencing. Defendant first contends that his five-year sentence for unlawful restraint must be reduced because the maximum allowable for that offense is three years. (Ill. Rev. Stat. 1981, ch. 38, pars. 10—3, 1005—8—1(a)(7).) Defendant also contends that his sentences on the convictions other than armed robbery should be reduced because the trial court, in sentencing defendant for the most serious offense, the Class X armed robbery, specifically stated that defendant should receive the "minimum" term as to that charge.

The State responds that the case must be remanded for resentencing on all charges except armed robbery because "no final judgment exists as to those convictions."

The State is correct insofar as the reports of proceedings in the record reveal only that the court imposed the six-year sentence on the armed robbery conviction. However, the common law record includes the court's "order of sentence and commitment to the Illinois Department of Corrections," which is signed by the trial judge and provides:

"On 11-22-82 Judge Theodore M. Swain sentenced the deft. to six (6) years on Counts 1 (arm. robb.); 2 (lesser included robb); and 6 (burg.); and five (5) years on Counts 3 (aggr. Batt.) and 4 + 5 (unlawful restraint) all concurrent."

The clerk's docket sheet reflects only the armed robbery sentence. Because no transcript reflects the court's imposition of sentences for the charges other than the armed robbery, and because the common law record is not entirely clear, we believe it the prudent course to remand for imposition of sentences on the convictions other than the armed robbery. We observe that defendant is correct in contending that the maximum sentence for unlawful restraint is, in fact, three years.

In sum, we affirm defendant's convictions as well as the six-year sentence imposed on the armed robbery charge; we remand for imposition of sentences on the remaining convictions.

Affirmed in part and remanded.

HARTMAN, P.J., and STAMOS, J., concur.